Laura Carter Higley, Justice
Kayne Anderson Capital Advisors, L.P. sued Hill & Frank, Inc., alleging faulty design and construction of a pool at the top of a parking garage. Kayne Anderson included the affidavit of an engineer to serve as a certificate of merit. Hill & Frank filed a motion to dismiss, alleging the certificate was insufficient. The trial court granted the motion. In its sole issue on appeal, Kayne Anderson argues the trial court erred by granting the motion.
We affirm.
Background
Kayne Anderson hired Hill & Frank as designer and architect for a multi-use space in College Station, Texas. The design included a swimming pool at the top of a parking garage. After construction, Kayne Anderson filed suit against Hill & Frank as well as Southern Pools Service and Spas, alleging faulty design and construction.
Kayne Anderson attached to its original petition the affidavit of Robert N. Kenney to serve as its certificate of merit for its claims against Hill & Frank. It is undisputed that Kenney is a licensed engineer. It is also undisputed that Hill & Frank is a registered architectural firm and that its two principles are licensed architects.
Hill & Frank filed a motion to dismiss. It argued that, because Kenney was not licensed as an architect, his affidavit was insufficient as a certificate of merit. Kayne Anderson responded, arguing that, because of changes in the Texas Occupations Code, Kenney's qualifications as an engineer were sufficient to satisfy the certificate of merit requirements.
The trial court granted the motion to dismiss.
Standard of Review
Typically, we review a trial court's order on a motion to dismiss for failure to file a certificate of merit in accordance with section 150.002 of the Texas Civil Practice & Remedies Code for an abuse of discretion. Gessner Eng'g, LLC v. St. Paraskevi Greek Orthodox Monastery, Inc. , 507 S.W.3d 865, 867 (Tex. App.-Houston [1st Dist.] 2016, pet. denied) (citing Couchman v. Cardona , 471 S.W.3d 20, 23 (Tex. App.-Houston [1st Dist.] 2015, no pet.) ). The outcome of this case, however, turns on a question of statutory interpretation. We review questions of statutory interpretation de novo. Couchman , 471 S.W.3d at 23.
Analysis
Section 150.002 of the Texas Civil Practice and Remedies Code requires a plaintiff to file a certificate of merit in actions against a licensed architect for damages arising out of the architect's services. See TEX. CIV. PRAC. & REM. CODE §§ 150.001(1-a), .002(a). The certificate of merit must be an affidavit from
*886 a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:
(1) is competent to testify;
(2) holds the same professional license or registration as the defendant; and
(3) is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:
(A) knowledge;
(B) skill;
(C) experience;
(D) education;
(E) training; and
(F) practice.
Id. § 150.002(a). The parties dispute whether Kenney satisfies the requirement that the affiant "holds the same professional license or registration as the defendant." Id. § 150.002(a)(2).
It is undisputed that Kenney is a licensed engineer. It is also undisputed that Hill & Frank is a registered architectural firm and that its two principles are licensed architects. Kayne Anderson argues Kenney's license as an engineer satisfies the requirement of having the same professional license due to recent changes in the Texas Occupations Code concerning work that can be performed either by a licensed engineer or licensed architect.
As Kayne Anderson points out, in 2011, the Texas Legislature added two statutes to the Occupations Code that addressed work that can be performed by both architects and engineers. See Act of May 25, 2011, 82d Leg., R.S., ch. 1157, §§ 1-2, 2011 Tex. Gen. Laws 3003, 3003-05 (codified at TEX. OCC. CODE §§ 1001.0031, 1051.0016 ). Kayne Anderson argues that the work done by Hill & Frank in this case falls within the overlapping zone of work that can be done by both architects and engineers. See TEX. OCC. CODE §§ 1001.31(d)-(e), 1051.0016(b)-(c). In addition, either an architect or an engineer can "provid[e] expert opinion and testimony with respect to issues within the responsibility of the engineer or architect." Id. § 1001.031(e)(4). Kayne Anderson reasons that, because the Legislature allows either an engineer or an architect to provide expert opinion concerning their overlapping zones of work and because, it alleges, the work at issue in this suit falls within that zone, the Legislature intended to allow either engineers or architects to prepare certificates of merit in this situation.
We interpret a statute by applying the plain meaning of the words used in the statute. Lippincott v. Whisenhunt , 462 S.W.3d 507, 509 (Tex. 2015). "We read statutes contextually to give effect to every word, clause, and sentence, because every word or phrase is presumed to have been intentionally used with a meaning and a purpose." Fort Worth Transp. Auth. v. Rodriguez , 547 S.W.3d 830, 838 (Tex. 2018) (citation omitted). We rely solely on the plain meaning of the words used "unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results." Id. (citing Tex. Lottery Comm'n v. First State Bank of DeQueen , 325 S.W.3d 628, 635 (Tex. 2010) ).
One of the requirements for a certificate of merit is that the affiant be "competent to testify." TEX. CIV. PRAC. & REM. CODE § 150.002(a)(1). Another requirement is that the affiant be "knowledgeable in the area of practice of the defendant." Id. § 150.002(a)(3). Whether a person is competent to testify and knowledgeable in the area of the practice of the defendant could be informed by a statute establishing that both architects and engineers are qualified to testify as experts concerning certain topics.
*887 In contrast, the requirement at issue is that the affiant "holds the same professional license or registration as the defendant." Id. § 150.002(a)(2). Whether an engineer is competent to testify on a certain topic does not affect what licensing the engineer has. Regardless of what other qualifications he has to testify on the subject forming the basis of the suit, Kenney does not have the same professional license or registration as Hill & Frank. Nothing in the statutes upon which Kayne Anderson relies changes this requirement.
For the same reason, we reject Kayne Anderson's argument that the certificate of merit statute conflicts with the Occupations Code statutes upon which it relies. The Occupations Code statutes establish that engineers and architects are both qualified to perform certain types of work and testify as experts about that work. TEX. OCC. CODE §§ 1001.0031(d) - (e), 1051.0016(b) - (c). The certificate of merit statute provides that, in addition to being qualified to testify by experience and training, an affiant for a certificate of merit must also hold the same professional license or registration as the defendant. TEX. CIV. PRAC. & REM. CODE § 150.002(a)(2)-(3). There is no conflict between a statute providing the topics about which a licensed professional is qualified to testify as an expert and the certificate of merit statute including an additional requirement to provide expert testimony in that instance. See Rodriguez , 547 S.W.3d at 838 (holding courts must honor plain language of statute unless that interpretation would lead to absurd results).
Kayne Anderson presents several arguments in its brief about why Kenney should be considered qualified to present a certificate of merit in this case. Regardless of the merits of these arguments, it is our job to determine what a statute allows, not what it should allow. See BankDirect Capital Fin., LLC v. Plasma Fab, LLC , 519 S.W.3d 76, 86 (Tex. 2017) (holding courts are required to be "sticklers" when construing a statute, "not rewriting statutes under the guise of interpreting them").
An affiant for a certificate of merit must hold the same professional license or registration as the defendant. TEX. CIV. PRAC. & REM. CODE § 150.002(a)(2). There is no ambiguity in this requirement. See Jennings, Hackler & Partners, Inc. v. N. Tex. Mun. Water Dist. , 471 S.W.3d 577, 583 (Tex. App.-Dallas 2015, pet. denied) ("That statute unambiguously provides that a certificate of merit must be authored by someone holding the same professional license or registration as the defendant."). Kenney did not satisfy this requirement.
We overrule Kayne Anderson's sole issue.
Conclusion
We affirm the order of the trial court.