## INJURY TO WOMAN FROM PREMATURE STARTING OF CAR.

Court of Appeals for Hamilton County.

THE CINCINNATI TRACTION COMPANY v. MINNIE A. PIERCE.*

Decided, July 23, 1913.

*Charge of Court—Explanation to Jury of Special Charge—Omission of Qualification as to Presumption of Contributory Negligence—Accident to Woman Alighting from Street Car.*

1. An explanation made by a trial judge to the jury with reference to a special charge, which at the request of one of the parties he was about to give before argument, does not constitute prejudicial error requiring a reversal of the judgment, unless the language so used in some way modified or tended to explain or qualify the language used in the special charge.

2. In a charge to a jury in a negligence case, it is not error to omit the qualification that if the evidence of the plaintiff raises a presumption of contributory negligence recovery is defeated unless the presumption is rebutted, where the answer contains no allegation of contributory negligence and there is no evidence tending to establish it.

*Kinkead & Rogers,* for plaintiff in error.
*Snyder & Dickerson* and *Thos. L. Michie,* contra.

JONES (E. H.), J.; SWING, J., and JONES (Oliver B.), J., concur.

The defendant in error was plaintiff below, and in her petition prayed for damages against the Cincinnati Traction Company for injuries received by her while alighting from one of its cars, by the sudden starting of said car, which resulted in her being thrown violently to the street.

The errors complained of in the brief of counsel for the traction company are two in number, and relate to the charge of the court.

*Affirmed without opinion, *Cincinnati Traction Co.* v. *Pierce,* 90 Ohio State.

The first error assigned is that the trial court erred in commenting upon a special charge which he gave to the jury at the request of defendant below. This assignment of error is based upon the statutory provision that when a special charge is given it shall not be modified, explained or qualified in any way by the trial court. The language which the court used and which is complained of here is as follows:

"1. I have been requested to give you special charges and the law requires me to give these special charges before the arguments in order that counsel may refer to them in their arguments. These special charges do not constitute the entire law of the case. They are to be used in connection with the general charge. And the special charges will be taken by you to the jury room, and you may see them. The general charge you have to remember as well as you can. But the special charges which I will give you, and the general charge together, will constitute the law of this case to govern you in your deliberations and in the application of the facts as you have heard them in this case."

It may not have been necessary for the trial court to have made this explanation to the jury, but that it was not necessary does not make it error. In order to constitute prejudicial error compelling a reversal of the case, it must appear that the language above quoted in some way modified or tended to explain or qualify the language used in the special charge. We do not believe this was its purpose or that it had this effect.

The cases relied upon by counsel for plaintiff in error furnish striking instances of language used by the court, the obvious intent and effect of which was to explain the special charges. In the case of *Rupp* v. *Shaefer*, 21 C. C., 643, the court at the close of its general charge read two special charges which he had given to the jury, and then commented at length upon them in an attempt to explain them and to express to the jury in different language their contents. It was this which the circuit court held to be prejudicial error.

The other cases relied upon in support of the exception to the action of the trial court in this respect differ in the same way from the case now under consideration, and show an obvious

intent on the part of the trial judge in the language used to explain the law as expressed in the special charges.

The second alleged error is thus stated by counsel in their brief:

"In his general charge to the jury the trial judge erred in stating absolutely that the defendant would be liable if the plaintiff was injured by the negligent starting of the car while she was in the act of alighting therefrom, without the qualification that if her own evidence raised a presumption of contributory negligence it would defeat her recovery unless the presumption were rebutted."

We think under the rule laid down in the case of *Traction Co.* v. *Forest,* 73 O. S., 1, it would have been error for the court to have made any reference to contributory negligence in the charge to the jury. We fail to see that the evidence in any way tends to prove contributory negligence on the part of the plaintiff. In order to recover, she was required to prove that the accident occurred in the manner alleged in her petition. The answer was a general denial, and charged no negligence on her part, either contributory or otherwise. In this respect it differs from the case of *Behm* v. *Traction Co.,* 86 O. S., 209, which case, at the close of the opinion, is distinguished from the Forest case by such allegation in the answer and by the fact that there was evidence tending to prove it.

Under the state of the pleadings in this case we think the rule laid down in the Forest case should apply, and that it would have been error for the court to have made any reference in its charge to the doctrine of contributory negligence.

Judgment affirmed.