WILLIAMS, J.
Lin these consolidated cases, the defendant, Delancio Robinson, pled guilty to one count of simple burglary, a violation of LSA-R.S. 14:62, and one count of possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966. Defendant was sentenced to serve 10 years at hard labor for the simple burglary conviction and 20 years at hard labor for the possession of marijuana with intent to distribute conviction, with the sentences to be served concurrently. The defendant appeals his sentences as excessive. For the following reasons, we affirm.
FACTS
The record shows that in July 2013, defendant broke into a Minden grocery store and stole lottery tickets, several packages of cigars, numerous cartons of cigarettes and approximately $150 in cash. Then, in August 2013, police executed an arrest warrant at a residence and found defendant in possession of a box containing marijuana. In separate bills of information, defendant was charged with simple burglary (docket no. 88,085) and with possession of a firearm by a convicted felon, possession of a firearm while in possession of a controlled dangerous substance, and possession of a Schedule I controlled dangerous substance (marijuana) with the intent to distribute (docket no. 88,086).
Pursuant to a plea agreement with the state, defendant pled guilty to simple burglary and possession of marijuana with intent to distribute. In exchange for his guilty pleas, the state agreed to: (1) dismiss the remaining two charges against *405 the defendant; (2) allow the sentences to run concurrently; and (3) refrain from charging the defendant as a multiple | offender. The district court sentenced the defendant to serve 10 years at hard labor for the offense of simple burglary and 20 years at hard labor for the offense of possession of marijuana with intent to distribute. The court ordered the sentences to run .concurrently. The defendant’s motions to reconsider his sentences were denied and this appeal followed.
DISCUSSION
The defendant contends the district court erred in imposing excessive sentences. Defendant argues that these nonviolent offenses do not warrant the “near maximum” sentences imposed.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,-855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297.
The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant’s personal Rhistory (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792; State v. Black, 28,100 (La. App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. The trial court is given wide |4discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive *406 absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228.
Simple burglary is punishable by a fíne of not more than $2,000 and imprisonment, with or without hard labor, for not more than 12 years, or both. LSA-R.S. 14:62. Possession of marijuana with the intent to distribute is punishable by imprisonment at hard labor for not less than 5 years nor more than 30 years, and a fine of not more than $50,000. LSA-R.S. 40:966(B)(3).
Prior to imposing sentence, the district court reviewed a presentence investigation report, which showed that defendant had previously been convicted of the following offenses: (1) possession of a Schedule II controlled dangerous substance in 2008; (2) simple burglary in 2009; (3) simple burglary in 2010; and (4) possession of marijuana in November 2013. The court considered the Article 894.1 sentencing factors, a letter submitted by the defendant expressing remorse for his actions and a letter submitted by the burglary victim requesting that the maximum sentence be imposed. The district court noted that defendant had previously been given probation, which was revoked, and that he was on probation when he committed the present offenses.
The district court also discussed the defendant’s social and educational history, pointing out that he had dropped out of high school injsthe ninth grade for behavioral problems and that he has three children. Based on defendant’s criminal history and repeated probation violations, the court concluded that he was not a good candidate for. a probated sentence. Considering the Article 894.1 factors, the court found that a lesser sentence would deprecate the seriousness of the offenses committed.
The record demonstrates that the district court considered the appropriate factors in imposing the concurrent sentences, which do not shock our sense of justice. Although the defendant received sentences on the higher end of the sentencing range for the offenses of conviction, he greatly benefítted by pleading guilty and not being charged as an habitual offender. Thus, based on the circumstances of this case, including the defendant’s significant criminal history, we cannot say the sentences imposed are constitutionally excessive. Accordingly, the assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.