Judgment rendered January 12, 2022.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 54,173-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

Versus

KEVIN RAY HARPER, SR.                       Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 233,706

Honorable Michael Owens Craig, Judge

* * * * *

LOUISIANA APPELLATE PROJECT            Counsel for Appellant
By: Holli Ann Herrle-Castillo

JOHN SCHUYLER MARVIN                    Counsel for Appellee
District Attorney

ALEXANDRA AIELLO
JOHN MICHAEL LAWRENCE
Assistant District Attorneys

* * * * *

Before MOORE, STONE, and STEPHENS, JJ.

**STEPHENS, J.**

This criminal appeal arises out of the 26th Judicial District Court, Bossier Parish, Louisiana, the Honorable Michael Craig presiding. On December 12, 2019, defendant, Kevin Ray Harper, Sr., was charged by bill of information with one count of aggravated crime against nature, in violation of La. R.S. 14:89.1A. Defendant entered a plea of not guilty on December 17, 2019. An amended bill of information was filed on June 17, 2020, charging defendant with one count of molestation of a person with a physical or mental disability, a violation of La. R.S. 14:81.2A(2) and D(2).

On October 8, 2020, pursuant to a plea agreement with the State, defendant pled guilty to molestation of a juvenile, a violation of La. R.S. 14:81.2B(2), with no agreement as to sentencing.[1] The trial judge ordered a presentence investigation ("PSI") report. At the sentencing hearing, held on February 22, 2021, the trial court sentenced defendant to 18 years of imprisonment at hard labor, with credit for time served. Defense counsel filed a motion to reconsider sentence, which was denied on April 8, 2021. The instant appeal, which urges only excessiveness of the sentence imposed, was filed by defendant on April 13, 2021. Finding no error, we affirm defendant's conviction and sentence.

## DISCUSSION

Defendant argues that the 18-year sentence, while two years short of the maximum sentence allowed for the offense of conviction, is nonetheless excessive in this case. According to defense counsel, the trial court focused

---

[1]The record shows that, prior to the trial court's acceptance of defendant's plea, he was informed of and waived his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed 2d 274 (1969).

solely on aggravating factors in sentencing defendant while ignoring mitigating factors that were present, such as an abusive, dysfunctional childhood and the fact that defendant was remorseful and pled guilty, taking responsibility for his criminal conduct. Thus, the sentence imposed is not tailored to this defendant and is disproportionate to the crime, which counsel described as involving three incidents of "only" touching and one incident of defendant "touching" himself. [2]

On the other hand, the State contends that the sentence imposed by the trial court is not excessive, noting that the court stated its reasons for the 18-year sentence imposed, particularly defendant's background, including his extensive criminal history; the circumstances of the case, which occurred during a time that defendant was in a position of control over the young victim; and the fact that defendant received a substantial reduction in his potential exposure to confinement through the plea bargain.

An appellate court uses a two-pronged approach in reviewing a sentence for excessiveness. First, the record must show that the trial court used the criteria set forth in La. C. Cr. P. art. 894.1. *State v. White*, 53,444 (La. App. 2 Cir. 4/22/20), 293 So. 3d 1274; *State v. Scroggins*, 52,323 (La. App. 2 Cir. 9/25/19), 280 So. 3d 841. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1982); *State v. Couch*, 53,956 (La. App. 2 Cir. 6/30/21), 321 So. 3d 541; *State v. White, supra*. The important elements that should

---

[2] While we will not go into the specific details of the incidents that prompted the instant prosecution, we note that defense counsel's description of them as mere "touchings" is grossly inaccurate.

be considered are the defendant's personal history, prior criminal record, seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981); *State v. Couch*, *supra*; *State v. White*, *supra*.

Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Couch*, *supra*; *State v. Minnieweather*, 52,124 (La. App. 2 Cir. 6/27/18), 251 So. 3d 583; *State v. Robinson*, 49,825 (La. App. 2 Cir. 5/20/15), 166 So. 3d 403.

Second, the court must determine whether the sentence is excessive by constitutional standards. *State v. Scroggins*, *supra*. A sentence violates La. Const. art. 1, §20 if it is grossly disproportionate to the seriousness of the offense, or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980); *State v. Scroggins*, *supra*; *State v. Lewis*, 52,367 (La. App. 2 Cir. 11/14/18), 260 So. 3d 1220. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 2001-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Scroggins*, *supra*; *State v. Lewis*, *supra*.

A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. *State v. Williams*, 2003-3514 (La. 12/13/04), 893 So. 2d 7; *State v. White*, *supra*; *State v. Flores*, 52,639 (La.

App. 2 Cir. 4/10/19), 268 So. 3d 1199, *writ denied*, 2019-00877 (La.

11/25/19), 283 La. 3d 496.

La. R.S. 14:81.2B(2) provides:

> Whoever commits the crime of molestation of a juvenile, when
> the victim is thirteen years of age or older but has not yet
> attained the age of seventeen, and when the offender has control
> or supervision over the juvenile, shall be fined not more than
> ten thousand dollars, or imprisoned, with or without hard labor,
> for not less than five nor more than twenty years, or both.  The
> defendant shall not be eligible to have his conviction set aside
> or his prosecution dismissed in accordance with Code of
> Criminal Procedure Article 893.

We find no abuse of the trial court's discretion in this case.  The 18-

year sentence, while on the upper end of the sentencing range for the offense

to which defendant pled guilty, is not excessive in light of the facts of the

instant case, defendant's criminal history, and the significant reduction in

potential exposure to confinement defendant obtained through his plea

bargain with the State.[3]

The record shows that the trial court laid out its reasons for the

particular sentence imposed.  The court stated that it considered all of the

information presented in the PSI, including defendant's family, work, and

criminal history, in determining the sentence in this case.  What caused

concern for the court was not just that defendant was a third felony offender,

but that all three of his felony offenses involved the mistreatment of minor

children.[4]  This Court notes that all three victims were young girls who were

---

[3]Under La. R.S. 14:81.2A(2) and D(2), defendant's sentencing exposure was 25-99 years' imprisonment at hard labor, with at least 25 years to be served without benefit of probation, parole, or suspension of sentence.

[4]Defendant was sentenced to eight years' imprisonment for injury to a child less than 14 years old (his daughter) in 1985 (he served 3½ years in prison and was under mandatory supervision for the remainder of the term) and 18 years' imprisonment for injury to a child with intentional bodily injury (his stepdaughter) in 1999 (he served

4

at the time in defendant's custody and/or care—his daughter, stepdaughter, and the daughter of his girlfriend.

The trial court felt that defendant had not been rehabilitated by his previous time in prison, but had instead, soon after being released from mandatory supervision on the second conviction, committed the instant sexual offenses against this innocent, undeserving minor victim and that any time he spent not incarcerated would pose a significant risk to any minor children with whom he would come in contact. The court further considered the impact upon the victim in this case, as well as defendant's expressions of remorse, and found that a lesser sentence than the one imposed would deprecate the seriousness of the instant crime as well as the habitual and harmful nature of defendant's offenses.

Finally, the sentence imposed is not constitutionally excessive. Defendant abused his position of trust and authority on more than one occasion to commit lewd and lascivious acts upon and in the presence of his girlfriend's young daughter. In light of his conduct, the 18-year sentence imposed by the trial court does not shock the sense of justice, nor is it grossly disproportionate to the severity of the offense. *See, State v. Harris*, *supra*. This assignment of error is without merit.

## CONCLUSION

For the reasons set forth above, the conviction and sentence of defendant, Kevin Ray Harper, Sr., are AFFIRMED.

---

approximately 11 years in prison and was under mandatory supervision for the remainder of the term).