NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2852
_____

FATIMA CECILIA TORRES-CARRANZA; F. B. Z.-T.; M. M. T-.C.,
Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board Nos. A209-343-491, A209-343-493 and A209-343-494)
Immigration Judge:  Steven A. Morley
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 16, 2022

Before:  HARDIMAN, SMITH and FISHER, *Circuit Judges*.

(Filed: August 18, 2022)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

After witnessing her father's murder by an alleged gang, Salvadoran citizen and native Fatima Cecilia Torres-Carranza, along with her two children, entered the United States. The Department of Homeland Security charged her as inadmissible under the Immigration and Nationality Act (INA) § 212, 8 U.S.C. § 1182(a)(6)(A)(i), and she applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). An Immigration Judge (IJ) denied the applications. The Board of Immigration Appeals (BIA) affirmed the IJ's denial of asylum and withholding of removal, and it concluded that Torres-Carranza waived her application for CAT protection by failing to address the claim in her appeal. Torres-Carranza now seeks review of the BIA's decision.[1] We will deny the petition for review.[2]

Torres-Carranza argues she is eligible for asylum and withholding of removal based on her membership in two particular social groups: family membership and "civilian witnesses who offer assistance to law enforcement against violent crimes that threaten El Salvadoran society" (Salvadoran civilian witness).[3] To be eligible for asylum,

---

[1] Torres-Carranza challenges only the BIA's asylum and withholding of removal decisions. She does not now attempt to revive her CAT claim.

[2] We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a)(1). We may also review the IJ's decision to the extent the BIA adopted, affirmed, or relied upon it. *Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 177 (3d Cir. 2020). We review the BIA's legal conclusions de novo and its factual conclusions for substantial evidence. *Id.* Under the substantial evidence standard, we must defer to the agency's factual findings so long as they are supported by "reasonable, substantial, and probative evidence on the record as a whole." *Id.*

[3] App. 4; 8 U.S.C. § 1158(b)(1)(B)(i).

an applicant must show that she "is unable or unwilling to return to . . . [her] country" because of past persecution or a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion."[4] A critical step for the asylum seeker "is to show a sufficient 'nexus' between persecution and one of the listed protected grounds."[5] "Persecution is on account of a protected ground only if that ground 'was or will be at least one central reason for persecuting the applicant.'"[6]

Torres-Carranza first challenges the BIA's conclusion that she failed to show she had an objectively reasonable fear of future persecution because of her membership in the Salvadoran civilian witness social group.[7] To establish a well-founded fear of future persecution, the applicant must establish that her fear is "both subjective[ly] and objectively reasonable."[8] A petitioner can satisfy the objective prong by "'show[ing] he or she would be individually singled out for persecution or [by] demonstrat[ing] . . . a pattern or practice in his or her country of nationality . . . of persecution of a group of

---

[4] 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. 1208.13(b)(1).

[5] *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 129 (3d Cir. 2009).

[6] *Thayalan v. Att'y Gen.*, 997 F.3d 132, 138 (3d Cir. 2021) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)).

[7] "Whether an asylum applicant has demonstrated . . . a well-founded fear of future persecution is a factual determination reviewed under the substantial evidence standard." *Id.* at 137 (quoting *Voci v. Gonzales*, 409 F.3d 607, 613 (3d Cir. 2005)).

[8] *Espinosa-Cortez v. Att'y Gen.*, 607 F.3d 101, 108 (3d Cir. 2010) (alteration in original) (quoting *Gomez-Zuluaga v. Att'y Gen.*, 527 F.3d 330, 346 (3d Cir. 2008)).

persons similarly situated to the applicant on account of' a protected ground."[9] Torres-Carranza argues there is a pattern or practice of persecuting civilian witnesses in El Salvador and because she is a civilian witness, she has a well-founded fear of future persecution. But Torres-Carranza makes this argument for the first time on appeal, so we are without jurisdiction to entertain it.[10]

We therefore are left only with her individual claim of persecution. As the BIA explained, Torres-Carranza's fear is not objectively reasonable because she has provided neither evidence that her father's assailants attempted to harm her during her father's attack, nor evidence that the assailants have searched for her in the years since she left El Salvador. Our review of the record convinces us this was a reasonable conclusion. Thus, Torres-Carranza has not met her burden of establishing a well-founded fear of persecution on the basis of her Salvadoran civilian witness status.[11]

---

[9] *Gomez-Zuluaga*, 527 F.3d at 346 (quoting *Sukwanputra v. Gonzales*, 434 F.3d 627, 637 (3d Cir. 2006)).

[10] 8 U.S.C. § 1252(d)(1); *Lin v. Att'y Gen.*, 543 F.3d 114, 120–21 (3d Cir. 2008) (holding that this Court is without jurisdiction to consider an issue the applicant failed to present to the agency).

[11] Torres-Carranza also argues the IJ erred in finding Salvadoran civilian witness was not a cognizable social group and the BIA erred by not reviewing the IJ's determination. She asks this Court to find the social group cognizable. The BIA correctly held it need not consider the issue because it determined that even if the social group was cognizable the asylum claim would fail on other grounds. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Because we affirm the BIA's decision on those other grounds, we likewise need not address whether the social group is cognizable. *Id.* Even if we decided to the contrary, we would need to remand the cognizability question to the BIA to make the

Torres-Carranza also challenges the BIA's conclusion that she did not establish a nexus between her family membership and her past persecution.[12] The BIA affirmed the IJ's finding that Torres-Carranza's family membership was not at least one central reason for her past harm—it was "an incidental or tangential aspect of her witnessing her father's death"[13]—and therefore no nexus existed. Record evidence supports this conclusion as the assailants did not harm Torres-Carranza during their attack on her father despite the assailants having the opportunity to do so.[14]

Torres-Carranza last argues the BIA erred in finding no nexus between her family membership and her fear of future persecution. The BIA determined that Torres-Carranza did not possess an objectively reasonable fear of future persecution based on her family membership because none of her family members who have remained in El Salvador since the attack have been threatened or harmed. Torres-Carranza claims the BIA ignored the relevant evidence she presented (i.e., Salvadoran gangs often seek revenge by

---

determination in the first instance. *See INS v. Orlando Ventura*, 537 U.S. 12, 16–18 (2002).

[12] At times Torres-Carranza's briefing suggests she is challenging only the BIA's determination as to her fear of future prosecution. However, a close reading reveals she is also challenging the BIA's determination as to the nexus between her family membership and her past persecution.

[13] App. 34. We review an agency's determination that an asylum applicant has not established the requisite nexus between the persecution she will suffer and her protected characteristic for substantial evidence. *Thayalan*, 997 F.3d at 138.

[14] *See Thayalan*, 997 F.3d at 142 ("[A]sylum . . . may [not] be granted 'when the characteristic at issue played only an incidental, tangential, or superficial role in persecution.'" (quoting *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 685 (3d Cir. 2015))).

5

attacking family members) in favor of an unnecessarily high standard that all members of the social group be harmed. Torres-Carranza's additional evidence does not compel us to overturn the BIA's determination. First, the record does not establish that Torres-Carranza's father was murdered by a gang.[15] Thus, the relevance of the additional evidence is questionable. But even assuming the record established this, Torres-Carranza's vague generalities about what gangs may do to exact revenge do not overcome the specific evidence that other members of the social group remain unharmed.

Because we will deny Torres-Carranza's asylum application, we likewise will deny her application for withholding of removal.[16] For the foregoing reasons, we will deny the petition for review.

---

[15] Although Torres-Carranza's father was previously attacked by a MS-13 gang member, the assailants who murdered her father were never identified by Torres-Carranza or the police.

[16] *Chen v. Ashcroft*, 376 F.3d 215, 223 (3d Cir. 2004) (holding that an applicant's burden of proof for withholding of removal is higher than for asylum, so an applicant who cannot meet her asylum burden necessarily cannot meet her withholding of removal burden).