Judgment rendered January 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,382-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                              Appellee

Versus

SKYLAR SUTTON                                   Appellant

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Morehouse, Louisiana
Trial Court No. 2018-273F

Honorable Daniel Joseph Ellender, Judge

* * * * *

ROBERT S. NOEL, II                              Counsel for Appellant

GLENN K. FLEMING

ROBERT STEPHEN TEW                              Counsel for Appellee
District Attorney

JOHN GATES SPIRES
Assistant District Attorney

* * * * *

Before STONE, STEPHENS, and HUNTER, JJ.

**STEPHENS, J.**

This criminal appeal arises out of the Fourth Judicial District Court, Parish of Morehouse, State of Louisiana, the Honorable Daniel J. Ellender, Judge, presiding. Defendant, Skylar Sutton, originally charged with two counts of attempted first degree murder and conspiracy to commit first degree murder, was allowed to plead guilty to one count of attempted second degree murder and a subsequent charge of simple escape. Thereafter, Sutton was sentenced to 50 years at hard labor without the benefit of probation, parole, or suspension of sentence on the attempted second degree murder conviction, and three years at hard labor on the simple escape conviction, with the sentences ordered to run consecutively. A timely motion for reconsideration of sentence filed by Sutton was granted, and following a hearing, the trial court amended the commitment order and provided that Sutton's sentence for attempted second degree murder would be with the benefit of the possibility of parole eligibility after 25 years in accordance with La. R.S. 15:574.4(J). Sutton has appealed his sentence as excessive. Finding no error, we affirm.

## FACTS/PROCEDURAL HISTORY

The following facts were recited by the ADA and agreed to by Sutton at his guilty plea hearing:

> [O]n March 1, 2018, at approximately 3:00 p.m., at a location near the Family Laundromat, which is next door to Johnny's Pizza in Bastrop, Morehouse Parish, Louisiana, Jarius Jimmerson, the victim in this matter, was there with his expecting wife or fiancée and doing laundry. At that time video surveillance revealed that the defendant was present with his father, Mr. Frederick Sutton, Sr., and that a short time after visiting with his father, Mr. Sutton got out of his car and

walked down the driveway to a location where his brother Frederick Sutton, Jr., had just arrived with an acquaintance[.] Skylar Sutton and his brother conferred at the vehicle in which his brother had arrived at the end of the driveway. While Mr. Skylar Sutton went into the vehicle to apparently retrieve something, his brother seemed to, pursuant to the video, call Mr. Jimmerson down to the car where they—he and his brother were standing. Mr. Jimmerson had in fact been subpoenaed to testify as a witness in the matter, State of Louisiana versus Roderick Adams, and this is case number 17-790F, and that subpoena had been previously issued and served upon Mr. Jimmerson in open court directing him to appear the following Monday. This was a Thursday afternoon of the shooting, the following Monday Mr. Jimmerson was scheduled to testify as a witness on behalf of the State. Mr. Sutton's brother, Frederick, Jr., called, apparently called Mr. Jimmerson over and as Mr. Jimmerson walks down with his pregnant fiancée and another acquaintance, he was called a "snitch" and then told he would not be testifying in court Monday and at that point in time Skylar Sutton pulled a gun and shoots Mr. Jarius Jimmerson in the neck and other parts of the body, also wounding a third party. The defendant then enters the vehicle with his brother and drives away from the scene. He does turn himself in a few days later … Mr. Jimmerson [passed away] several months later—as a result of hospitalization caused by the gunshot wound[.]

On April 23, 2018, Skylar Sutton was charged by bill of information with the attempted first degree murder of Jarius Jimmerson, the attempted first degree murder of Kenneth Jones, Jimmerson's acquaintance, and conspiracy to commit first degree murder with Frederick Sutton, Jr. After Jimmerson's death, which occurred several months after the shooting, the matter was submitted to the grand jury, which issued an indictment charging Sutton with the second degree murder of Jimmerson, the attempted second degree murder of Jones, and conspiracy to commit murder. Pursuant to a plea agreement, the State reduced the second degree murder charge, dropped the other two charges, and allowed Sutton to plead guilty to the attempted second degree murder of Jimmerson as well as a charge of simple escape.

2

As noted above, a guilty plea hearing was held on March 3, 2022. The trial court ordered a pre-sentence investigation ("PSI") and the defense filed a sentencing memorandum on July 1, 2022, stressing that Sutton was 17 years old at the time of the offense. On July 18, 2022, the trial court sentenced Sutton to 50 years at hard labor without benefit of probation, parole, or suspension of sentence on the attempted second degree murder conviction and three years on the simple escape conviction, with the sentences ordered to run consecutively. Sutton was given credit for time served. Sutton filed a motion to reconsider on July 22, 2022. A hearing on the motion was held on November 3, 2022. While the trial court initially denied the motion to reconsider, it requested more information from both parties relative to the issue of whether Sutton should receive the benefit of parole considerations granted to juvenile offenders who are found guilty of first or second degree murder before making a final ruling on Sutton's sentence.

On December 8, 2022, the trial court filed an amended commitment order on the attempted second degree murder conviction sentencing Sutton to 50 years at hard labor without the benefit of probation or suspension of sentence, but granting him parole eligibility after 25 years pursuant to La. R.S. 15:574.4(J) should he meet all criteria contained therein.

Sutton has filed the initial appeal, urging excessiveness of his sentence.

## DISCUSSION

Sutton's counsel points out that, at the time of the offense, Sutton was 17 years old, a juvenile by definition. In this case, the sentence imposed, 50 years' imprisonment, was the maximum sentence for attempted second

degree murder, and is excessive given Sutton's age, personal history, and lack of a criminal record.[1] Sutton notes that maximum and near maximum sentences should be imposed only for the most egregious offenses, the worst of offenders, and the worst of offenses. This offense, attempted second degree murder, was not the most egregious of offenses. Counsel asserts that while tragic, the incident happened quickly, and there were no other surrounding offenses.

On the other hand, the State notes that at the sentencing hearing, the trial court extensively reviewed and considered Sutton's background, family, and criminal history, which includes a conviction of simple escape, a charge which arose after Sutton had been arrested and detained for the shootings and for which a three-year sentence was imposed (to be served consecutively with the sentence imposed on the attempted second degree murder conviction).[2] The trial court found no evidence of provocation on the part of the victim, who was scheduled to be a witness in an upcoming criminal proceeding. Finding no justification for Sutton's actions, the trial court determined that he was in need of correctional treatment, and that any sentence lesser than 50 years would deprecate the seriousness of the crime.

The State urges that the trial court followed the sentencing guidelines and sentenced Sutton within the statutory range for attempted second degree murder. Sutton entered into a plea agreement with the State where, in exchange for a reduction of the principal charge of second degree murder and a dismissal of two additional charges, he was allowed to plead guilty to

---

[1] As a juvenile, Sutton had no adult criminal history that could be considered for purposes of sentencing.

[2] The State points out that no argument on appeal has been made by Sutton as to this sentence.

4

attempted second degree murder and simple escape. The State points out that Sutton acknowledged in the plea that he could receive the maximum sentence for attempted second degree murder.

The State also points out that a legitimate consideration in this case is that, as noted above, Sutton received a substantial benefit from his plea agreement. The State dismissed two counts, attempted second degree murder and conspiracy, and Sutton avoided the probability of a life sentence for second degree murder and the possibility of consecutive sentences for the dismissed counts.

Finally, the State points out that the trial court ordered Sutton's sentence amended to delete the restrictions on parole and ordered parole eligibility in accordance with La. R.S. 15:574.4(J).

In reviewing a sentence for excessiveness, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20 if it is grossly out of proportion to the severity of the crime or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Green*, 54,955 (La. App. 2 Cir. 4/5/23), 361 So. 3d 546; *State v. Bell*, 53,712 (La. App. 2 Cir. 1/13/21), 310 So. 3d 307. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Bell*, *supra*.

The trial court has wide discretion in the imposition of sentences within the statutory limits, and such sentences should not be set aside as

5

excessive in the absence of a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Green*, *supra*; *State v. Bell*, *supra*. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. *Id.* On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *Id.*

Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. *State v. Lanclos*, 419 So. 2d 475 (La. 1982); *State v. Harper*, 54,173 (La. App. 2 Cir. 1/12/22), 332 So. 3d 799; *State v. Minnieweather*, 52,124 (La. App. 2 Cir. 6/27/18), 251 So. 3d 583; *State v. Robinson*, 49,825 (La. App. 2 Cir. 5/20/15), 166 So. 3d 403.

The record in this case indicates that the trial court gave due consideration to all relevant factors required by the sentencing guidelines of La. C. Cr. P. art. 894.1 when it found that Sutton was in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the defendant's crime. The sentence, although the maximum, is within the statutory limits and within the range of punishment to which Sutton expressly agreed at his guilty plea hearing. Furthermore, Sutton received a benefit by being allowed to plead guilty to one count of attempted second degree murder when he was facing a life sentence had he gone to trial and been convicted of second degree murder. In front of his own father, Sutton intentionally fired his weapon at multiple targets in an unprovoked attack,

wounding one and causing severe injury to his intended target, who ultimately passed away from his wounds. While in jail for the instant charges, Sutton and two other inmates escaped and evaded arrest for several days before being arrested in a Monroe motel. The punishment, considered in light of the harm suffered by Sutton's victims and those left behind to mourn their loved one, is not grossly disproportionate, does not shock the sense of justice, and is therefore not constitutionally excessive.

Additionally, the trial court amended the sentence to reflect the applicability of La. R.S. 15:574.4(J), which, as recognized by the Louisiana Supreme Court in *State v. Adams*, 20-00056 (La. 9/8/20), 301 So. 3d 15 (per curiam), provides Sutton with a meaningful opportunity for parole. While this does not reduce Sutton's 50-year sentence, it does provide him with eligibility for parole consideration after serving 25 years of his sentence pursuant to La. R.S. 15:574.4(J) should he meet all of the considerations listed thereunder.

## CONCLUSION

For the reasons set forth above, the convictions and sentence of the defendant, Skylar Sutton, are affirmed.

**AFFIRMED**.