ACCEPTED
15-25-00178-cv
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/19/2025 8:41 AM
CHRISTOPHER A. PRINE
CLERK

## No. 15-25-00178-CV

### In the Fifteenth

### Court of Appeals at Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/19/2025 8:41:05 AM
CHRISTOPHER A. PRINE
Clerk

PGAL, Inc.,
*Appellant*

v.

Ian Miramon and Caroline Miramon
*Appellees*

On Appeal from the 250th Travis County District Court,
Travis County, Texas, Cause No. D-1-GN-25-01130
The Honorable Laurie Eiserloh, Judge Presiding

## APPELLANT'S BRIEF

Judith L. Ramsey
State Bar No. 16519550
Derek Bauman
State Bar No. 24044475
Thompson, Coe, Cousins & Irons, L.L.P.
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: 713.403.8210
Facsimile: 713.403.8299

**Counsel for Appellant,
PGAL, Inc.**

Oral Argument Not Requested

# IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| **Appellant:** | **PGAL, Inc.** |
| **Appellant's Appellate Counsel** | Judith L. Ramsey |
| | Derek Bauman |
| | Thompson Coe Cousins & Irons, LLP |
| | 4400 Post Oak Parkway, Suite 1000 |
| | Houston, Texas 77027 |
| | jramsey@thompsoncoe.com |
| | dbauman@thompsoncoe.com |
| | T: 713.403.8210 |
| | F: 713.403.8299 |
| | |
| **Appellant's Trial Counsel** | Cory Reed |
| | Alissa Vasquez |
| | Thompson Coe Cousins & Irons, LLP |
| | 4400 Post Oak Parkway, Suite 1000 |
| | Houston, Texas 77027 |
| | creed@thompsoncoe.com |
| | avasquez@thompsoncoe.com |
| | T: 713.403.8210 |
| | F: 713.403.8299 |
| | |
| **Appellees** | **Ian Miramon and Caroline Miramon** |
| **Appellees Trial and** | Vincent L. Marable III |
| **Appellate Counsel** | **PAUL WEBB, P.C.** |
| | State Bar No. 12961600 |
| | 221 N. Houston Street |
| | Wharton, Texas 77488 |
| | (P): (979) 532-5331 |
| | (F): (979) 532-2902 |
| | tripp@paulwebbpc.com |
| | |
| | John C. Ramsey |
| | State Bar No. 24027762 |
| | K. Grace Hooten |
| | State Bar No. 24092980 |
| | **RAMSEY LAW GROUP, PC** |

i

Woodway Tower
6363 Woodway Drive
Suite 500
Houston, Texas 77057
(P): (713) 489-7577
(F): (888) 858-1452
john@ramseylawpc.com
grace@ramseylawpc.com
eservice@ramseylawpc.com

Rick Freeman
**RICK FREEMAN, P.C.**
State Bar No. 07428800
3660 Stoneridge Road
B-102
Austin, Texas 78746
(P): (512) 477-6111
(F): (512) 473-2131
rick@freemanlaw.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................ i

TABLE OF CONTENTS ...................................................................................... iii

INDEX OF AUTHORITIES ................................................................................. v

STATEMENT OF THE CASE ............................................................................. x

STATEMENT OF JURISDICTION ..................................................................... xi

STATEMENT REGARDING ORAL ARGUMENT ........................................... xii

QUESTION PRESENTED ................................................................................... xiii

SUMMARY OF ARGUMENT ............................................................................ 1

STATEMENT OF FACTS ................................................................................... 5

    I.    The Miramons' allegations against PGAL and other Defendants ................ 5

    II.   PGAL filed a Motion to Dismiss for Lack of Certificate of Merit ............... 9

    III.  The Miramons responded and objected to PGAL's evidence .................... 10

    IV.  The evidence not considered by the trial court ........................................ 10

    V.   PGAL's Motion to Dismiss is denied, and it files this appeal ................... 14

ARGUMENT ....................................................................................................... 15

    I.    Standard of Review & Applicable Law ..................................................... 15

    II.   Sections 150.002(a) and (b) of the Texas Civil Practice & Remedies Code require a certificate of merit in the practice area of defendant in providing the professional service, and because the Miramons failed to do so, its claims against PGAL should have been dismissed .................... 18

    III.  The trial court improperly refused to consider PGAL's relevant evidence proving the practice area in which PGAL provided services to the Fire Station Project ........................................................................ 24

        A.   Texas cases demonstrating importance of review of relevant sources ................................................................................................. 25

        B.   The courts in the cases cited by the Miramons also reviewed relevant evidence. .............................................................................. 28

        C.   PGAL's evidence is crucial to a key issue and should have been considered. ......................................................................................... 31

    D.    The "low bar" on which the Miramons rely does not excuse their failure to identify the licensure of the services provided by the defendants. .................................................................................33

  IV.  Under Chapter 150, an engineer's certificate is the equivalent of no certificate against an architect defendant. ...................................................37

  V.  The Miramons' other arguments also fail ....................................................41

  VI.  This court should reverse and remand for further proceedings ..................42

PRAYER ..................................................................................................................43

CERTIFICATE OF COMPLIANCE .......................................................................45

CERTIFICATE OF SERVICE ................................................................................46

APPENDIX TABLE OF CONTENTS .....................................................................47

  Appendix 1 .......................................................................................................48

  Appendix 2 .......................................................................................................49

  Appendix 3 .......................................................................................................50

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Al–Nayem Int'l Trading, Inc. v. Irving Indep. Sch. Dist.*,
159 S.W.3d 762 (Tex. App.—Dallas 2005, no pet.) ....................................16, 17

*AMEC Foster Wheeler USA Corp. v. Goats*,
No. 09-18-00477-CV, 2019 WL 3949466 (Tex. App.—Beaumont Aug. 22,
2019, no pet.) (mem. op.)................................................................30

*Aran & Franklin Eng'g, Inc. v. Zody*,
No. 13-21-00262-CV, 2022 WL 17844211 (Tex. App.—Corpus
Christi-Edinburg Dec. 22, 2022, no pet.) (mem. op)................................21, 31

*Aran & Franklin Eng'g, Inc. v. Zody*,
No. 13-24-00180-CV, 2025 WL 866855 (Tex. App.—Corpus
Christi-Edinburg Mar. 20, 2025, pet. filed)................................................15, 27

*Bratton v. Pastor, Behling & Wheeler, LLC*,
No. 01-23-0015-CV, 2024 WL 1662391 (Tex. App.—Houston
[1st Dist.] April 18, 2024, pet. denied) (mem. op.) ..............................................34

*Certain Underwriters at Lloyd's of London Subscribing to Pol'y No.
NAJL05000016-H87 v. Mayse & Assocs., Inc.*,
635 S.W.3d 276 (Tex. App.—Corpus Christi-Edinburg 2021,
pet. denied)...........................................................................20, 25, 26

*In re Channelview Flooding Litigation*,
No. 01-22-00946-CV, 2024 WL 5249085 (Tex. App.—Houston
[14th Dist.] Dec. 31, 2024, pet denied) (mem. op.)..............................................28

*Costello, Inc. v. Briggs Bros. Enters. Corp.*,
No. 01-23-00307-CV, 2024 WL 187435 (Tex. App.—Houston
[14th Dist.] Jan. 18, 2024, no pet.) (mem. op.)..............................................28

*Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*,
430 S.W.3d 384 (Tex. 2014) ...........................................................16

*CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*,
390 S.W.3d 299 (Tex. 2013) ...........................................................15

*Dorsey v. Env't Res. Mgmt. Sw., Inc.*,
  No. 14-23-00017-CV, 2024 WL 4230031 (Tex. App.—Houston
  [14th Dist.] Sept. 19, 2024, pet. filed) ...............................................29

*Downer v. Aquamarine Operators, Inc.*,
  701 S.W.2d 238 (Tex. 1985) ...........................................................17

*Eric L. Davis Eng'g, Inc. v. Hegemeyer*,
  No. 14-22-00657-CV, 2023 WL 8270984 (Tex. App.—Houston
  [14th Dist.] Nov. 30, 2023, no pet.) (mem. op.) ...................................27

*Gaertner v. Langhoff*,
  509 S.W.3d 392 (Tex. App.—Houston [1st Dist.] 2014, no pet.).....................27

*Gignac & Assocs., LLP v. Hernandez*,
  No. 13-17-00336-CV, 2018 WL 898144 (Tex. App.—Corpus
  Christi-Edinburg Feb. 15, 2018, no pet.) (mem. op.) ...............................38, 39

*Gore v. Trans Union LLC*,
  No. 05-23-00659-CV, 2024 WL 4449499 (Tex. App.—Dallas Oct. 9,
  2024, pet. denied).......................................................................17

*Jacobs Field Servs. N. Am., Inc. v. Willeford*,
  No. 01-17-00551-CV, 2018 WL 3029060 (Tex. App.—Houston
  [1st Dist.] Jun. 19, 2018, no pet.) (mem. op.).....................................25

*Janis Smith Consulting, LLC v. Rosenberg*,
  No. 03-23-00370-CV, 2024 WL 4750757 (Tex. App.—Austin
  Nov. 6, 2024, pet. denied)............................................................26, 27

*JBS Carriers, Inc. v. Washington*,
  564 S.W.3d 830 (Tex. 2018) .......................................................17, 24, 43

*Jennings, Hackler & Partners, Inc. v. N. Tex. Mun. Water Dist.*,
  471 S.W.3d 577 (Tex. App.—Dallas 2015, pet. denied).............................40

*Kayne Anderson Cap. Advisors, L.P. v. Hill & Frank, Inc.*,
  570 S.W.3d 884 (Tex. App.—Houston [1st Dist.] 2018, no pet.)................39, 40

*Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*,
  513 S.W.3d 487 (Tex. 2017) ...............................................20, 25, 26, 28

*LJA Eng'g Inc. v. Santos*,
  652 S.W.3d 916 (Tex. App.—Houston [14th Dist.] 2022, no pet.) .............29, 30

*Marquez v. Calvo*,
  No. 03-18-00597-CV, 2019 WL 2998584 (Tex. App.—Austin
  July 10, 2019, no pet.) (mem. op.)........................................................28, 42

*Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*,
  520 S.W.3d 887 (Tex. 2017) ...............................................................16

*Owens–Corning Fiberglas Corp. v. Malone*,
  972 S.W.2d 35 (Tex. 1998)...............................................................16, 17

*Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*,
  536 S.W.3d 487 (Tex. 2017) .............................................................15, 16

*Pelco Const., Inc. v. Dannenbaum Eng'g Corp.*,
  404 S.W.3d 48 (Tex. App.—Houston [14th Dist.] 2013, no pet) .......................28

*Samlowski v. Wooten*,
  332 S.W.3d 404 (Tex. 2011) .............................................................15

*Sullivan v. Abraham*,
  488 S.W.3d 294 (Tex. 2016) .............................................................16

*Terracon Consultants, Inc. v. N. Pride Commc'ns, Inc.*,
  No. 01-22-00755-CV, 2023 WL 2316351 (Tex. App.—Houston
  [14th Dist.] Mar. 2, 2023, no pet.) (mem. op.) .............................................30, 43

*Tex. Mut. Ins. v. Ruttiger*,
  381 S.W.3d 430 (Tex. 2012) .............................................................16

*TRW Eng'rs, Inc. v. Hussion St. Bldgs., LLC*,
  608 S.W.3d 317 (Tex. App.—Houston [1st Dist.] 2020, no pet.).....................15

*Williams v. Cnty. of Dallas*,
  194 S.W.3d 29 (Tex. App.—Dallas 2006, pet. denied)..............................16, 17

**RULES**

Tex. R. App. P. 44.1(a) .....................................................................17, 43

Tex. R. Civ. P. 13.............................................................................35

Tex. R. Civ. P. 202......................................................................................36

Tex. R. Civ. P. 202.1, 202.2......................................................................36

**STATUTES**

Tex. Civ. Prac. & Rem. Code §10.001 ......................................................35

Tex. Civ. Prac. & Rem. Code § 15.002 ....................................................35

Tex. Civ. Prac. & Rem. Code Ann. § 150 ..............................1, 22, 35, 37

Tex. Civ. Prac. & Rem. Code § 150.001(1-c) .........................................21

Tex. Civ. Prac. & Rem. Code § 150.001(a)(2) ........................................37

Tex. Civ. Prac. & Rem. Code Ann. § 150.002 .................................*passim*

Tex. Civ. Prac. & Rem. Code Ann. §§ 150.002(a) and (b) ........18, 34, 35

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)...................24, 30, 38, 39

Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)(2) .........................39, 40

Tex. Civ. Prac. & Rem. Code § 150.002(a)–(b) ......................................18

Tex. Civ. Prac. & Rem. Code § 150.002(a)–(b), (e)................................19

Tex. Civ. Prac. & Rem. Code § 150.002(a)(2)–(3) .................................40

Tex. Civ. Prac. & Rem. Code § 150.002(a)(3) ............................20, 25, 26

Tex. Civ. Prac. & Rem. Code § 150.002(e)................................15, 34, 36

Tex. Gov't Code § 552.0222........................................................................36

Tex. Occ. Code.........................................................3, 10, 28, 29, 38

Tex. Occ. Code § 1001.003(b)...................................................................29

Tex. Occ. Code § 1001.003(c) ..................................................................29

Tex. Occ. Code § 1001.003(c)(12) ...........................................................29

Tex. Occ. Code §§ 1001.0031(d)–(e), 1051.0016(b)–(c).......................40

Tex. Occ. Code § 1001.004 ................................................................9

Tex. Occ. Code § 1051.001(a) ..........................................................21

Tex. Occ. Code § 1051.001(a)(7) ......................................................22

Tex. Occ. Code § 1051.016 ..........................................................22, 38

Tex. Occ. Code § 1501.016(b).........................................................10

Tex. Occ. Code § 1051.606(a)(4) ......................................................22

ix

# STATEMENT OF THE CASE

**Nature of case:** Premises liability/negligence. Plaintiff's Original Petition alleges Ian Miramon was injured when, while atop a fire truck in a fire station bay doing an inspection, he was struck in the head by a large industrial fan above the fire truck. He fell from the fire truck and sustained injuries. CR 4-17.

**Trial Court:** Cause No. D-1-GN-25-001130; *Ian and Caroline Miramon v. Encotech Engineering Consultants, Inc., Encotech Engineering Consultants, SA, Inc., Garza EMC, LLC, J.E. Dunn Construction Company, JQ+TSEN, LLC, PGAP, Inc.*, pending in the 250th Travis County Judicial District Court, Travis County. The Honorable Laurie Eiserloh, presiding.

**Trial Court Disposition:** The trial court granted the Miramons' objections to PGAL's evidence (App. 1) and denied PGAL, Inc.'s Motion to Dismiss for Lack of Certificate of Merit. (App. 2) Appellant timely filed a notice of interlocutory appeal on this denial under Tex. Civ. Prac. & Rem. Code § 150.002(f). (App. 3)

**STATEMENT OF JURISDICTION**

This Court has jurisdiction over the interlocutory appeal based on Texas Civil

Practices & Remedies Code § 150.002(f).

**STATEMENT REGARDING ORAL ARGUMENT**

This appeal concerns the requirements of a certificate of merit under Texas Civil Practice & Remedies Code § 150.002. Oral argument will not assist the Court in this case, as the issues are straightforward and uncomplicated.

## QUESTION PRESENTED

**The trial court abused its discretion by striking PGAL's evidence concerning the type of professional services it provided in PGAL's challenge to the Miramons' certificate of merit under Texas Civil Practice & Remedies Code § 150.002 and erred in denying PGAL's motion to dismiss.**

## SUMMARY OF ARGUMENT

Chapter 150 of the Texas Civil Practice & Remedies Code requires plaintiffs suing a defendant with a professional license to include a certificate of merit with their original petition to establish that the suit has merit. The certificate of merit must be provided by a person with the same professional license and who practices in the same practice area as the services provided by the defendant. Chapter 150 also permits the defendants with professional licensing to challenge the sufficiency of the certificate of merit. It is critical to the correct interpretation and proper application of Chapter 150 that the trial court be able to determine the practice area of the services performed by the defendant so that it can determine if the certificate of merit submitted by the plaintiff is by a professional licensed in that same practice area, and who practices in that area.

If the plaintiffs' petition does not provide sufficient information to determine the type of professional services the defendant actually provided, or if the defendant files a motion to dismiss challenging the certificate of merit's compliance with Section 150.002 and provides relevant evidence to support that challenge, the trial court must consider relevant sources before ruling. This is especially critical when, as here, the defendant has multiple professional licenses, but only used one of these licenses in performing the services involved.

1

In this case, the Miramons sued for personal injuries to Ian Miramon, who fell from a fire truck inside a fire station when he was struck by a large industrial fan hanging above the fire truck. The Miramons sued a number of defendants, including PGAL, claiming they are liable for his injuries due to, *inter alia*, the alleged unsafe design and construction of the fire station. CR 10-11, 143. Although the Miramons' petition lists "design of the subject property," it does not allege the licensure employed by any of the defendants in providing those services. CR 11. And, with the petition, the Miramons submitted only a certificate of merit by a licensed engineer. CR 18-20.

This certificate of merit lists the engineering license numbers of the defendants, including PGAL's, and states that these firms worked on the project, but does not affirmatively state that these firms did engineering work on the project. And PGAL did not. Simply because PGAL has an engineering license, in addition to the architect license, it cannot be presumed by the trial court, under the strict requirements of Section 150.002, to have used that license—especially when the petition's allegations are vague, and the plaintiff's certificate of merit is challenged.

PGAL filed a motion to dismiss, challenging the Miramons' engineer's certificate of merit on the basis that PGAL did not provide engineering services on the project in question. PGAL attached evidence to its motion, showing that it had only provided architectural services in the project.

2

The trial court struck this relevant evidence based on the Miramons' arguments and objections. The Miramons claimed that, because PGAL has multiple licensures, including an engineering license, it is irrelevant whether PGAL was using its engineering license on this project. They claimed that the trial court can only look to the pleading (which, of course, the Miramons drafted) and the Texas Occupations Code to determine the defendant's area of practice of the services provided. And after that one-sided review, they claim that, if this is unrelated to the type of professional services that the defendant actually provided, there is nothing that the defendant can do. And, alternatively, they claim that even if PGAL performed architectural services, an engineer's licensure is a "similar license" and good enough. It is not.

Section 150.002 cannot be upended in this manner. This "good enough" strategy contravenes the strict requirements of the certificate of merit. And it ignores Texas case law holding that, when questions are raised about whether the plaintiff's expert has the same professional license as the professional services provided by a defendant, the trial court is not limited to simply reviewing the plaintiff's petition. The purpose is to obtain enough information to make a correct ruling based on the services the defendant actually provided. This evidentiary ruling excluding evidence crucial to the key issue before the trial court was harmful error, and the court erred

3

in denying PGAL's motion to dismiss. PGAL asks that both rulings be reversed, and this case remanded.

## STATEMENT OF FACTS

### I.    The Miramons' allegations against PGAL and other Defendants.

Ian Miramon, one of the Appellees and Plaintiffs below ("Miramon") was working as a fireman for the Austin City Fire Department. CR 9. On the day in question, Miramon was allegedly working at a fire station different from where he usually worked. CR 9. According to Miramon, while one of the fire trucks was parked inside Austin Fire Station No. 51, he climbed up on top of the fire truck to perform an inspection. There was a large industrial fan suspended from the ceiling above where he was inspecting the fire truck, and Miramon claims he was struck by one of the blades of the ceiling fan. He fell to the ground, suffering personal injuries. CR 9, 10.

Miramon and Caroline Miramon (collectively, "the Miramons") sued a number of entities they alleged were involved in designing, constructing, inspecting, and maintaining the Travis County Fire and EMS Station No. 51 for the City of Austin (the "Fire Station Project"). The Miramons' Original Petition alleges negligence collectively against all the entities/defendants, including PGAL, but does not state that any of the defendants is a licensed professional. CR 4–9. Nor does the petition identify any defendant's professional licensure used in the project. *Id.* In addition, the Original Petition, in alleging negligence, states only that the defendants

5

collectively owed the Miramons "a duty of ordinary care" (not the standard for any particular licensed professional) and breached their duties to the Miramons:

> 6.1 Defendants committed actions of omission and commission, which collectively and severally, constituted negligence, which were proximate causes of the injuries and damages to Plaintiffs.
>
> 6.2 Defendants owed Plaintiffs a duty of ordinary care and breached their duties to Plaintiffs by the following:
>
> (a) Failing to design the Subject Property in a safe condition;
>
> (b) Failing to install the ceiling fan at the Subject Property in a safe manner and in a safe location;
>
> (c) Failing to construct the Subject Property in a safe manner;
>
> (d) Failing to inspect the Subject Property for any dangerous conditions;
>
> (e) Failing to adequately warn of a dangerous and/or hazardous condition;
>
> (f) Failure to remedy or retrofit a dangerous and/or hazardous condition that they created;
>
> (g) Violating applicable government regulations, laws, rules, and industry standards; and
>
> (h) Other acts discovered that are deemed negligent and/or grossly negligent.[1]
>
> 6.3 Defendants' wrongful acts, errors, omissions, neglect, and carelessness, as set forth in the preceding paragraphs, were the proximate cause of Plaintiffs' injuries and damages.

CR 11.

Similarly, in naming PGAL as a party, the Miramons' Original Petition does not identify any of PGAL's professional licenses, much less the license it used in providing services in the Fire Station Project:

> 2.8     Defendant PGAL, Inc. (hereinafter referred to as "PGAL") is a domestic for-profit corporation doing business in the State of Texas at all times relevant to this suit. Defendant PGAL, Inc. may be served pursuant to article 2.09 of the Business Corporation Act by serving its registered agent of the corporation, **Jeffrey P. Gerber at 3131 Briarpark Dr., #200, Houston, Texas 77042**, its registered office, or wherever else it may be found. *Plaintiffs have paid the required fee and request the Travis County District Clerk's Office issue a citation for service at this time.*

CR 7.

The Miramons filed a Certificate of Merit with their Original Petition. CR 18–24. The Certificate of Merit was prepared by a professional engineer, Shane M. Darville. *Id.* Mr. Darville does not affirmatively state that PGAL performed engineering services in the Fire Station Project. He states only that the "following *engineering firms* are known or reasonably believed to have worked upon the design and/or construction of Fire Station 51." CR 19. (emphasis added). He lists the defendants with engineering licenses, at most proving that they have the ability to perform engineering services, not that they did perform these services. CR 19.

The Miramons' certificate of merit broadly and globally asserts negligence of all the defendants under the same standard—those of a professional engineer. CR 18–20. Mr. Darville does not state he is a licensed architect and does not provide an opinion as to whether PGAL complied with the standards for licensed architects.

7

Mr. Darville's conclusions are limited to "**where work was performed by a licensed engineer."** CR 20. He tethers all of his opinions about negligence to the standard of a licensed engineer. CR 20. And he does not distinguish between the defendants. Instead, he references them collectively as the "relevant party(ies)," assumes all the defendants performed engineering services in the Fire Station Project, and does not provide any opinions at to the alleged negligent conduct of each defendant. CR 19. All his opinions address only licensed engineering standards, and the certificate is entirely void of opinions based on the standards of a licensed architect. CR 18–20 Mr. Darville states (emphasis added):

➢ "**I am knowledgeable in the area of engineering services** and machine placement, including but limited to **the duties and standard of care for an engineer**." CR 18.

➢ "The opinions expressed … are based upon **my personal knowledge, skill, education, training, experience, practice** and review and analysis of certain evidence…" CR 18.

➢ "Further, ignoring such safety considerations, creating a hazard, relying on others to make your deficiencies safe, and relying on lesser levels of the hierarchy of controls is **unacceptable for a licensed engineer**." CR 19.

➢ "**A licensed engineer** should always try to eliminate a hazard or hazards by employing the most effective means possible." CR 19.

➢ "**Professional engineers** are hired for their expertise and owe a responsibility to 'protect the public [such as Mr. Miramon] health, safety, and welfare.'" CR 20.

➢ "**For personnel of the relevant party(ies) related to the designed location, placement, and/or installation of the subject ceiling fan who were licensed professional engineers or whose work was required to be performed by licensed professional engineers, there was a responsibility to be properly licensed and qualified as engineers. The**

8

**purpose of licensing and qualifying engineers is to 'protect the public health, safety, and welfare. Tex. Occ. Code 1001.004.**" CR 20.

➢ "**As licensed engineers**, the relevant party(ies) failed to design AFD Station 51 in a safe condition (specifically regarding the placement of the subject ceiling fan) …." CR 20.

➢ "**Based upon the facts discussed above in this certificate, it is my opinion that the relevant party(ies) failed to exercise reasonable care as well as meet the standard of care for licensed engineers for the reasons articulated herein where work was performed by a licensed enginee**r." CR 20.

## II.    PGAL filed a Motion to Dismiss for Lack of Certificate of Merit.

PGAL filed a Motion to Dismiss for Lack of Certificate of Merit, claiming that the certificate of merit filed by the Miramons was the equivalent of no certificate and was insufficient because it was submitted by a professional engineer, not an architect. CR 111–118. PGAL stated in its motion that the only work it performed work on the Fire Station Project were architectural services, not engineering services. *Id.* To demonstrate that fact, PGAL attached to its motion two relevant pieces of evidence: (1) an affidavit by Christopher Ruebush, an architect with PGAL, and member of the American Institute of Architects (CR 119–120), and (2) the AIA Design-Build and Architect Agreement for the Project hiring PGAL as the Architect on the Project.  CR 143–233. PGAL asked that the Miramons' claims against it be dismissed with prejudice. CR 118.

## III. The Miramons responded and objected to PGAL's evidence.

The Miramons' response made three primary arguments: (1) since PGAL has an engineering license, and even if PGAL performed only architectural services, the Miramons' certificate of merit by an engineer is a "similar license" and good enough; (2) the trial court cannot review relevant evidence and must make its decision on a motion to dismiss only using the plaintiff's petition and the Texas Occupations Code; and (3) because the allegedly negligent services could have been performed by either an engineer or an architect under Texas Occupations Code § 1501.016(b), that the Miramons' certificate of merit was good enough. CR 338-–346.

The Miramons' objections to PGAL's evidence claimed that the trial court could only look to the Miramons' petition to determine the sufficiency of the certificate—which is devoid of information as to the practice areas of the defendants—and the Texas Occupations Code. CR 4–17. The trial court sustained this objection, and did not consider PGAL's relevant evidence of its practice area for the services provided. App. 1 (CR 372–374.)

## IV. The evidence not considered by the trial court.

PGAL is a design firm that employs specialists licensed in a number of different areas—architecture, engineering, interior design, and planning. CR 119–120.

The Affidavit of Christoper Ruebush, AIA, establishes that he is a registered professional architect by the Texas Board of Architectural Examiners ("TBAE"). CR 119. His Texas Registration Number is 20946. CR 119. He is a member of the American Institute of Architects ("AIA"). PGAL is registered as Firm Number BR1434 by the TBAE. CR 119. Mr. Ruebush states he provides professional architectural services through PGAL. CR 119. He further states that PGAL is a design firm which specializes in architecture, engineering, interior design, and planning. CR 119–120.

He also verified that he is familiar with PGAL's business, the professional services PGAL offers, and the *architectural* services PGAL provided for the Fire Station Project, the site of the incident. CR 119. Those services, Mr. Ruebush testified, were provided through the AIA Design-Builder and Architect Agreement (the "Agreement") that PGAL entered with Defendant J.E. Dunn Construction Company ("J.E.") on November 5. 2019. CR 119–120.

The Agreement provided that J.E. Dunn was to act as the "Design-Builder" and PGAL was to act as "the Architect" and provide architectural services for the building of the Project for the City of Austin:

11



## AIA® Document B143™ – 2014

### Standard Form of Agreement Between Design-Builder and Architect

**AGREEMENT** made as of the 5th day of November in the year 2019
*(In words, indicate day, month and year.)*

**BETWEEN** the Design-Builder:
*(Name, legal status, address and other information)*

J.E. Dunn Construction Company
1601 South MoPac Expressway, Barton Skyway 2, Suite 450
Austin, Texas 78746

and the Architect:
*(Name, legal status, address and other information)*

Pierce, Goodwin, Alexander & Linville, Inc.
2222 Western Trails Blvd., Suite 300
Austin, Texas 78745

The Design-Builder has entered into the Design-Build Contract with the Owner dated:
January 1, 2019

for the following Project:
*(Name, location and detailed description)*

Travis Country Fire and EMS Station
Lot 1, Block A, Oak Hill Industrial Park
Hwy 290
Austin, Texas

The Owner:
*(Name, legal status and address)*

City of Austin, Texas
P.O. Box 1088
Austin, Texas 78767

**ADDITIONS AND DELETIONS:**
The author of this document has added information needed for its completion. The author may also have revised the text of the original AIA standard form. An *Additions and Deletions Report* that notes added information as well as revisions to the standard form text is available from the author and should be reviewed. A vertical line in the left margin of this document indicates where the author has added necessary information and where the author has added to or deleted from the original AIA text.

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

CR 143.

Specifically, the professional architect services agreed to be provided by PGAL included, among other things, providing professional architectural services for "Conceptual Design, Schematic Design, Design Development, Construction Documents, and Construction Administration" as further delineated in the Agreement:

> (Paragraphs deleted)
> **§ 1.3 Architect's Portion of the Project.** The Architect's Portion of the Project consists of the following:
> (Fully describe the portion of the Project for which the Architect shall provide the services set forth in this Agreement.)
>
> Architect shall provide the services as required for Conceptual Design, Schematic Design, Design Development, Construction Documents and Construction Administration as set forth in Exhibit A, attached hereto.

CR 144.

PGAL's work on the project was required to be performed to the standard applicable to a licensed architect.

> **ARTICLE 2  ARCHITECT'S RESPONSIBILITIES**
> **§ 2.1** The Architect shall provide the professional services as set forth in this Agreement.
>
> **§ 2.2** The Architect shall perform its services consistent with the standard of care applicable to architects performing similar services in the same or similar locality under the same or similar circumstances. The Architect shall perform its services as expeditiously as is consistent with such professional skill and care and the orderly progress of the Project.

CR 147. This standard of care set out in the Agreement is the same standard used in Texas by professional architects to evaluate the performance of peers.

Finally, the Agreement provides that other firms were to be hired to perform engineering services—demonstrating these services were not performed by PGAL. CR 146. The Agreement states that "the Architect"—defined in the Agreement as PGAL—shall retain structural, mechanical, electrical, and civil engineers to complete the project:

13

§ 1.5.4 The Architect shall retain the following consultants under Basic Services described in Article 3.
*(List discipline and, if known, identify them by name, legal status, address and other information.)*

.1    Structural Engineer

      P.E. Structural Consultants, Inc.
      Anna Boeing, PE
      8436 Spicewood Springs Road
      Austin, Texas 78759

.2    Mechanical Engineer

      Encotech Engineering Consultants, Inc.
      Sharon Bickford, PE
      8500 Bluffstone Cove, Suite B103
      Austin, Texas 78759

.3    Electrical Engineer

      Encotech Engineering Consultants, Inc.
      Sharon Bickford, PE
      8500 Bluffstone Cove, Suite B103
      Austin, Texas 78759

.4    Civil Engineer
      GarzaEMC, LLC
      John Pelham, PE
      7708 Rialto Blvd., Suite 125
      Austin, Texas 78735

CR 146.

This critical evidence on a key issue proving that the practice area of PGAL in this Project was architecture, not engineering, was not considered by the trial court.

**V.     PGAL's Motion to Dismiss is denied, and it files this appeal.**

After an oral hearing, the trial court entered orders sustaining the Miramons' objections to PGAL's evidence and denying PGAL's Motion to Dismiss. App A, B. PGAL then timely filed its Notice of Appeal as to both orders. App C.

14

**ARGUMENT**

## I.     Standard of Review & Applicable Law

"We review a trial court's order on a motion to dismiss for failure to file a certificate of merit in accordance with [Texas] Civil Practice & Remedies Code [§] 150.002 for an abuse of discretion." *Aran & Franklin Eng'g, Inc. v. Zody*, No. 13-24-00180-CV, 2025 WL 866855, at *2–3 (Tex. App.—Corpus Christi-Edinburg Mar. 20, 2025, pet. filed) (citing *TRW Eng'rs, Inc. v. Hussion St. Bldgs., LLC*, 608 S.W.3d 317, 319 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see Pedernal Energy, LLC v. Bruington Eng'g, Ltd.*, 536 S.W.3d 487, 493–95 (Tex. 2017) (discussing a trial court's discretion to grant dismissal with or without prejudice)). "A court abuses its discretion if it fails to analyze or apply the law correctly." *TRW Eng'rs*, 608 S.W.3d at 319. "Trial courts do not have discretion to make decisions in an arbitrary or unreasonable manner, without reference to guiding rules or principles." *Pedernal Energy*, 536 S.W.3d at 492 (citing *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013) ("Section 150.002(e) authorizes further relief—dismissal with prejudice—and while granting it is discretionary, the trial court cannot act 'in an arbitrary or unreasonable manner without reference to guiding rules or principles.'" (quoting *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011)))).

15

But, "[w]hen resolution of an appellate issue requires interpretation of a statute, we engage in a de novo review." *Id.* at 491. A court's "goal in construing a statute is to determine and give effect to the Legislature's intent." *Id.* (citing *Tex. Mut. Ins. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012)). "We look to and rely on the plain meaning of a statute's words as expressing legislative intent unless a different meaning is supplied, is apparent from the context, or the plain meaning of the words leads to absurd or nonsensical results." *Id.* at 491; *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389–90 (Tex. 2014). "We also take statutes as we find them and refrain from rewriting text chosen by the Legislature." *Id.* at 492; *see also Melden & Hunt, Inc. v. E. Rio Hondo Water Supply Corp.*, 520 S.W.3d 887, 893 (Tex. 2017) ("When statutory text is clear, we do not resort to rules of construction or extrinsic aids to construe the text because the truest measure of what the Legislature intended is what it enacted." (citing *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016))).

An appellate court reviews a trial court's ruling on the admissibility of evidence for an abuse of discretion. *Williams v. Cnty. of Dallas*, 194 S.W.3d 29, 31–32 (Tex. App.—Dallas 2006, pet. denied) (citing *Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998); *Al–Nayem Int'l Trading, Inc. v. Irving Indep. Sch. Dist.,* 159 S.W.3d 762, 763 (Tex. App.—Dallas 2005, no pet.)). "The test for abuse of discretion is whether the trial court acted without reference to any

guiding rules or principles." *Id*. (citing *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985)). An appellate court must determine whether the trial court's action was arbitrary or unreasonable. *See Downer*, 702 S.W.2d at 242. An appellate court upholds the trial court's ruling if there is any legitimate basis for the ruling. *Malone,* 972 S.W.2d at 43; *Al–Nayem,* 159 S.W.3d at 763; *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 840 (Tex. 2018); Tex. R. App. P. 44.1(a).

However, "[a]n erroneous exclusion of evidence is not reversible error unless it was harmful—that is, it 'probably caused the rendition of an improper judgment.'" *Gore v. Trans Union LLC*, No. 05-23-00659-CV, 2024 WL 4449499, at *7 (Tex. App.—Dallas Oct. 9, 2024, pet. denied) (citing *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 840 (Tex. 2018); Tex. R. App. P. 44.1(a)). "Exclusion of evidence is likely harmless if the evidence was cumulative or if the rest of the evidence was so one-sided that the error likely made no difference in the judgment. (citations omitted). Conversely, the exclusion is likely harmful if it was 'crucial to a key issue.'" *Id.* (citing *JBS Carriers,* 564 S.W.3d at 840).

 **The trial court abused its discretion by striking PGAL's evidence concerning the type of professional services it provided in PGAL's challenge to the Miramons' certificate of merit under Texas Civil Practice & Remedies Code § 150.002 and erred in denying PGAL's motion to dismiss.**

**II.     Sections 150.002(a) and (b) of the Texas Civil Practice & Remedies Code require a certificate of merit in the practice area of defendant in providing the professional service, and because the Miramons failed to do so, its claims against PGAL should have been dismissed.**

The Miramons failed to comply with sections 150.002(a) and (b) of the Texas Civil Practice & Remedies Code by filing a certificate of merit by a licensed engineer rather than a licensed architect who practices in architecture, because PGAL provided only architectural services in the Fire Station Project.

Section 150.002 requires dismissal unless the claimant filing suit against a licensed or registered professional for damages *arising out of the provision of professional services* to simultaneously file an affidavit by a person who has the same license and who practices in the same practice area as the defendant whose professional services are the basis for the complaint. Tex. Civ. Prac. & Rem. Code § 150.002(a)–(b). The statute reads, in pertinent part:

> (a) In *any action or arbitration* proceeding **for damages arising out of the provision of professional services by a licensed or registered professional**, a claimant shall be required to file with the complaint an affidavit of a third-party licensed professional architect…who:
>
>> (1) is competent to testify;

18

> (2) **holds the same professional license**…as the defendant; and
> (3) **practices in the area of practice of the defendant** and offers testimony based on the person's:
>> (A) knowledge;
>> (B) skill;
>> (C) experience;
>> (D) education;
>> (E) training; and
>> (F) practice.
>
> * * *
>
> (b) The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional **in providing the professional service**, including any error or omission in providing advice, judgement, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor **shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.**
>
> * * *
>
> (e) A claimant's failure to file the affidavit in accordance with this section **<u>shall</u>** result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

*Id.* at § 150.002(a)–(b), (e) (emphasis added). The language of the statute makes clear that the professional submitting the certificate must have the *identical* license as the license of the professional whose services are alleged to have caused the claimant damages, *and* practice in that same practice area. In other words, it is not enough that the certificate of merit affiant have one of the licenses a firm might have,

19

but must have the license that the defendant used in performing the allegedly negligent services.

In *Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, 513 S.W.3d 487, 494 (Tex. 2017) ("*Levinson II,*") the Supreme Court of Texas concluded "[t]hat the statute's knowledge requirement is not synonymous with the expert's licensure or active engagement in the practice; it requires some additional explication or evidence reflecting the expert's familiarity or experience **with the practice area at issue in the litigation**." *Levinson II*, 513 S.W.3d at 494. (emphasis added) The Corpus Christi-Edinburg Court of Appeals re-emphasized this holding in *Certain Underwriters at Lloyd's of London Subscribing to Pol'y No. NAJL05000016-H87 v. Mayse & Assocs., Inc.*, 635 S.W.3d 276, 289 (Tex. App.—Corpus Christi-Edinburg 2021, pet. denied), holding "[t]hus, in reaching its conclusion [in *Levinson II*], the supreme court rejected the interpretation of the statute as meaning the defendant's general area of practice and found consideration of the 'practice area at issue' necessary." (citing *Levinson II* at 491–94). It further held, "[f]or these reasons, we *do not interpret the phrase "area of practice"* in the current version of § 150.002(a)(3) to mean the defendant's *general* area of practice and rather construe it as the *practice area at issue in the litigation.*" *Underwriters,* 635 S.W.3d at 289 (emphasis added).

20

Again, it is the practice area of the services provided that the certificate of merit must reflect. "Regardless of whether a non-engineer *could* perform the inspections as [plaintiff] argues, it is clear that the claims [plaintiff] raised against [defendant] arose out of engineering services. As such, we conclude that [plaintiff's] allegations 'ar[ose] out of' [defendant's] practice of engineering." *Aran & Franklin Eng'g, Inc. v. Zody*, No. 13-21-00262-CV, 2022 WL 17844211, at *4–5 (Tex. App.—Corpus Christi-Edinburg Dec. 22, 2022, no pet.) (mem. op).

A "licensed or registered professional" includes a "licensed architect . . . or any firm in which such licensed or registered professional practices, including, but not limited to a . . . corporation. . . ." Tex. Civ. Prac. & Rem. Code § 150.001(1-c).

The Texas Occupation Code defines the practice of architectural services separately and distinctly from engineering services. Under Section 1051.001(a), an "Architect" is defined as "a person registered under this chapter to engage in the practice of architecture." In addition, it defines "the Practice of architecture:"

> (7) "Practice of architecture" means a service or creative work applying the art and science of developing design concepts, planning for functional relationships and intended uses, and establishing the form, appearance, aesthetics, and construction details for the construction, enlargement, or alteration of a building or environs intended for human use or occupancy, the proper application of which requires education, training, and experience in those matters. The term includes:
>
> (A) establishing and documenting the form, aesthetics, materials, and construction technology for a building, group of buildings, or environs intended to be constructed or altered;

21

(B) preparing, or supervising and controlling the preparation of, the architectural plans and specifications that include all integrated building systems and construction details, unless otherwise permitted under Section 1051.606(a)(4);

(C) observing the construction, modification, or alteration of work to evaluate conformance with architectural plans and specifications described in Paragraph (B) for any building, group of buildings, or environs requiring an architect;

(D) programming for construction projects, including identification of economic, legal, and natural constraints and determination of the scope and spatial relationship of functional elements;

(E) recommending and overseeing appropriate construction project delivery systems;

(F) consulting, investigating, and analyzing the design, form, aesthetics, materials, and construction technology used for the construction, enlargement, or alteration of a building or environs and providing expert opinion and testimony as necessary;

(G) research to expand the knowledge base of the profession of architecture, including publishing or presenting findings in professional forums; and

(H) teaching, administering, and developing pedagogical theory in academic settings offering architectural education.

Tex. Occ. Code § 1051.001(a)(7).

The Miramons argue that some services can be provided by either an architect or an engineer. CR 331–333 (citing Tex. Occ. Code § 1051.016). While this is no doubt true, this does not excuse the requirements under Chapter 150 that the plaintiff must provide a certificate of merit from a professional that holds the same license as the defendant for the professional license it used to provide the services at issue.

22

It is critical to the correct interpretation and proper application of section 150.002 of the Texas Civil Practice & Remedies Code that the trial court be able to determine the practice area for the services provided by each defendant so that it can determine if the certificate of merit submitted by the plaintiff is by a professional licensed and practicing in that same practice area.

If the trial court is not provided sufficient information by the plaintiff's petition to correctly determine the practice area of the defendant, and/or it is not clear what practice areas are at issue, it must review relevant sources. The Miramons' Original Petition lists "design of the subject property" as a negligent act. That action hypothetically could implicate architectural services, but it is impossible to determine from the Miramons' petition whether this was intended. The petition fails to identify which defendant allegedly performed what services and fails to identity the licensure of the professional services performed. It seems that the Miramons might have been unclear purposefully. For instance, PGAL initially argued that "Plaintiff's claims [in the petition] clearly arise out of PGAL's performance of professional architectural services." CR 338. But the Miramons mock that assertion of clarity, by stating "[t]he Miramons' pleadings do not 'clearly indicate Plaintiffs' claims arise out of'" architectural services. (emphasis in original). CR 338.

The reason for the lack of clarity, or at least the Miramons' use of the lack of clarity, is to defend their submission of only an engineer's certificate of merit. As

23

the Miramons aver that their claims do not implicate architectural services, they either have no claim against PGAL—as all of its services were architectural—or they have muddled the negligent acts in hopes that any certificate of merit by a professional with a "similar license" will do. But that is in direct contravention of Section 150.002.

Section 150.002(a) and (b)'s requirements have not been met. The trial court abused its discretion and committed harmful error in sustaining the Miramons' objections to PGAL's relevant practice area evidence and erred in denying PGAL's Motion to Dismiss. The Miramons' certificate of merit, filed by a professional engineer and relating only to engineering standards of conduct, is the equivalent of no certificate as to architect PGAL.

## III. The trial court improperly refused to consider PGAL's relevant evidence proving the practice area in which PGAL provided services to the Fire Station Project.

PGAL submitted crucial evidence of a key issue with its Motion to Dismiss— the practice area in which PGAL provided services in the Fire Station Project.

PGAL's evidence was not cumulative and would have made a difference in the judgment because it was "crucial to a key issue" in this case. *JBS Carriers, Inc.*, 564 S.W.3d at 840. As a result, its exclusion constitutes not only an abuse of discretion, but harmful error which probably caused the rendition of an improper ruling in this case.

## A. *Texas cases demonstrating importance of review of relevant sources*

Texas courts often review relevant documents to determine the practice area of both the defendant and the affiant of the certificate of merit, especially when the practice area of either is in question. The Miramons' assertions to the contrary are incorrect. The following cases are illustrative on this point.

In *Levinson II*, 513 S.W.3d at 494, the Supreme Court "generally agree[d] that such knowledge [regarding the expert's familiarity or experience with the practice area at issue in the litigation] may be **inferred from record sources other than the expert's affidavit**." (emphasis added).

Similarly, in *Jacobs Field Servs. N. Am., Inc. v. Willeford*, No. 01-17-00551-CV, 2018 WL 3029060, at *8 (Tex. App.—Houston [1st Dist.] Jun. 19, 2018, no pet.) (mem. op.), the First Court of Appeals concluded that the expert did not qualify under § 150.002(a)(3) after the appellate court reviewed the plaintiff's amended petition, a procurement document, deposition testimony presented by the plaintiff, and an affidavit presented by the defendant from an engineer at ExxonMobil comparing the defendant's duties with the expert's affidavit.

In *Mayse & Assocs.*, 635 S.W.3d at 289–290, also involving an architect and engineer, the Corpus-Christi-Edinburgh Court of Appeals followed the guidance from *Levinson II* and acknowledged that it could look to relevant documents, "such as the agreement between Underwriter's insured and [architect] Mayse." *Id*. at 289.

With regard to the expert certificate as to the engineer, the court stated "following guidance from the cases referenced above, we consider relevant documents to determine DCI's practice area at issue in the litigation" but then found that there was enough information in the pleading that they need not review other sources. *Id.* at 290. And, as to one of the expert certificates as to Mayse, the architect defendant, the court found similarly. *Id.*

But as to the second certificate against Mayse, the court held that the certificate did not provide enough information, and it had to look at other sources. Even though the certificate of merit as to architect defendant Mayes was actually provided by an architect ("Itle"), the court still determined that the certificate of merit did not by itself, **without other relevant sources,** demonstrate that the architect Itle practiced in the same area as Mayse. "[W]e conclude additional evidence is necessary to satisfy § 150.002(a)(3) so as not to render it superfluous." *Id.* at 293.

In *Janis Smith Consulting, LLC v. Rosenberg*, No. 03-23-00370-CV, 2024 WL 4750757, at *2 (Tex. App.—Austin Nov. 6, 2024, pet. denied), the Austin court held, **[w]e determine the practice area at issue in the litigation by reviewing the petition and other relevant documents in the record.**" *Id.* (emphasis added). In *Janis Smith Consulting*, the court reviewed not only the plaintiff's petition and the certificate of merit, but also reviewed the deposition of the engineer who submitted

26

the certificate. *Id.* at *3. The court ultimately held that the certificate was sufficient, and the certificate's author need not practice in the same "subspecialty" as the defendant—but the certificate clearly needs to be submitted by a licensed profession with the same license who practices in the same practice area.

Even more recently, the Corpus Christi-Edinburg court held, **"[w]e look to the record to determine the practice area at issue**." *Aran & Franklin Eng'g*, 2025 WL 866855, at *4 (citing *Gaertner v. Langhoff*, 509 S.W.3d 392, 397 (Tex. App.— Houston [1st Dist.] 2014, no pet.) (evaluating evidence in the record to determine the "area of practice" at issue in the litigation); *see also Janis Smith Consulting, LLC*, 2024 WL 4750757, at *2 (**"We determine the practice area at issue in the litigation by reviewing the petition and other relevant documents in the record."** (citations omitted)); *Eric L. Davis Eng'g, Inc. v. Hegemeyer*, No. 14-22-00657-CV, 2023 WL 8270984, at *3 (Tex. App.—Houston [14th Dist.] Nov. 30, 2023, no pet.) (mem. op.)) (emphasis added).

In sum, the case law establishes that relevant documents can and should be considered by the trial court when the plaintiff's petition, or the expert's certificate, fails to provide sufficient  information or if the practice area is challenged. A court can look at these documents in determining whether a certificate is needed, and if it is, what the licensure and practice area of the affiant must be. The trial court erred by not considering PGAL's relevant evidence.

27

B.   *The courts in the cases cited by the Miramons also reviewed relevant evidence.*

The case law cited by the Miramons does not support their argument that the trial court can only look to the pleadings and the Occupations Code. Many of the case cited were decided prior to *Levinson II* (2017), in which the Supreme Court of Texas held that "relevant sources" can be reviewed under Section 150.002. As a result, only those cases decided after *Levinson II* will be addressed below.[1] And while it is true that the trial court looks at the pleadings and Occupations Code, appellate courts do not restrict trial courts to such a limited review.[2]

The Fourteenth Court of Appeals, in *Dorsey v. Env't Res. Mgmt. Sw., Inc.,* No. 14-23-00017-CV, 2024 WL 4230031, at *5 (Tex. App.—Houston [14th Dist.] Sept. 19, 2024, pet. filed), upheld the trial court's dismissal of the plaintiff's

---

[1] However, even prior to *Levinson II*, trial and appellate courts were reviewing relevant sources. For example, in *Pelco Const., Inc. v. Dannenbaum Eng'g Corp.*, 404 S.W.3d 48, 57 (Tex. App.— Houston [14th Dist.] 2013, no pet), the Fourteenth Court also reviewed the contract between the parties in determining whether Section 150.002 applied.

[2] The cases cited below were cited by the Miramons, but they are distinguishable, and either no relevant evidence was offered to the trial court, the practice area was not questioned, or the issue was whether or not the certificate of merit was needed at all. *Costello, Inc. v. Briggs Bros. Enters. Corp.*, No. 01-23-00307-CV, 2024 WL 187435, at *8 (Tex. App. –Houston [14th Dist.] Jan. 18, 2024, no pet.) (mem. op.) involved whether tortious interference claims against an engineer fall under Section 150.002. The Court ultimately held that it did not, based on "the record." And in *Marquez v. Calvo*, No. 03-18-00597-CV, 2019 WL 2998584, at *2 (Tex. App.—Austin July 10, 2019, no pet.) (mem. op.), there is no mention of the submission of any relevant evidence, and the licensure of the defendant professions is set out in the petition. Finally, *In re Channelview Flooding Litigation*, No. 01-22-00946-CV, 2024 WL 5249085 at *6 (Tex. App.—Houston [14th Dist.] Dec. 31, 2024, pet denied) (mem. op.) does not involve a determination of the practice area of the defendant—only whether the certificate of merit failed to "set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional."

complaints based on the supporting documents provided by the defendants with their

motions to dismiss.

> PBW's and ERM's affidavits and supporting documents amount to some evidence that their provision of geoscience services was necessary to plan, progress, or complete engineering services. *See* Tex. Occ. Code § 1001.003(c)(12). Both appellees adduced evidence that they performed engineering services in addition to geoscience services, and their services required special education, training, and experience in the field of engineering. *See id.* § 1001.003(b). The trial court did not abuse its discretion by finding that appellants' claims arise out of the provision of professional engineering services…

*Id.*

In *LJA Eng'g Inc. v. Santos*, 652 S.W.3d 916, 921 (Tex. App.—Houston [14th

Dist.] 2022, no pet.), the professional engineering defendant LJA attached its

contract with the plaintiff to its motion to dismiss, which the Fourteenth Court of

Appeals reviewed and considered. In Footnote 1, the court stated,

> Under its contract with Sour Lake, LJA Engineering agreed that it would design the project, prepare the construction plans and specifications, and then inspect the work to ensure that the work complied with LJA Engineering's design plans. Each of these contractual obligations fits within the statutory definition of the practice of engineering. *See* Tex. Occ. Code § 1001.003(c).

*Id.* The Court then ruled, based on the pleadings and the language of the contract,

"that each of appellees' allegations implicates LJA Engineering's and its licensed

professional engineer employee's education, training, and experience in applying

special knowledge or judgment to the performance of LJA Engineering's contractual

obligations to Sour Lake." *Id.* at 921.

29

In *Terracon Consultants, Inc. v. N. Pride Commc'ns, Inc.*, No. 01-22-00755-CV, 2023 WL 2316351, at *6 (Tex. App.—Houston [14th Dist.] Mar. 2, 2023, no pet.) (mem. op.), the Fourteenth Court reversed the trial court's denial of the defendant's motion to dismiss, and in doing so, reviewed of the contract between the parties. The Court even quotes the contract language:

> Notably, the Contract provides that the 'number of tests ... described in the Scope of Services does not constitute a minimum or maximum number of tests ... that may be required for this project.' Thus, the Contract contemplates Terracon's use of professional discretion in determining the number of tests performed. The Contract also addresses the disposal of testing materials. Whether Terracon actually breached these provisions is a matter to be determined at trial. But, pertinent here, Northern Pride's allegations plainly *implicate* Terracon's (through its licensed professional engineers) education, training, and experience in utilizing special knowledge and judgment in determining how many samples to obtain and whether to retain them.

*Id.* (emphasis in original).

In *AMEC Foster Wheeler USA Corp. v. Goats*, No. 09-18-00477-CV, 2019 WL 3949466, at *6 (Tex. App.—Beaumont Aug. 22, 2019, no pet.) (mem. op.), the Ninth Court of Appeals reviewed the relevant documents attached to defendant's motion to dismiss.

> The defendant must also be a licensed or registered professional. Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). Foster Wheeler provided a certification with their motion to dismiss showing it is currently registered in the State of Texas to "offer and perform engineering services' along with a roster from the Texas Board of Professional Engineers of its employees and affidavit testimony stating it has employed licensed professional engineers for decades. Therefore, Foster Wheeler qualifies as a 'licensed or registered professional[.]"

30

*Id.* (internal citations omitted).

In *Aran & Franklin Eng'g*, 2022 WL 17844211, at *1, it was not the third-party defendant, but the third-party plaintiff who provided relevant sources—including an affidavit by an engineer. "To its response, [plaintiff] attached a verification signed by one of its attorneys, [and] the affidavit of Rolando R. Rubiano, a professional engineer." *Id.* The other side objected to both, but the trial court overruled the objection to the engineer's affidavit. *Id.* at *2. The trial court denied the motion to dismiss, but the appellate court reversed and remanded, holding that the allegations did involve the provision of professional services. *Id* at *5.

C. *PGAL's evidence is crucial to a key issue and should have been considered.*

PGAL attached an affidavit of Christopher Ruebush, architect at PGAL, who worked on the Fire Station Project and the Agreement PGAL entered to perform architectural services on the Fire Station Project:

31

4. On or about November 5, 2019, PGAL, Inc. entered into a Design-Builder and Architect Agreement (the "Agreement") with Defendant J.E. Dunn Construction Company ("J.E."). Within the Agreement, J.E. was to act as the "Design-Builder" and PGAL was to act as the architect and provide architectural services for the building of the Travis Country Fire and EMS Station (the "Project"). The professional architectural services provided by PGAL, Inc. for the Project are set forth in detail on pages 1 – 24 of the Agreement. These included, among other things, providing professional architectural services for conceptual design, schematic design, and design development as more specifically delineated in the Agreement. A true and correct copy of the Agreement for the Project is attached as Exhibit A.

CR 119–120.

# ▲AIA® Document B143™ – 2014

## Standard Form of Agreement Between Design-Builder and Architect

AGREEMENT made as of the 5th day of November in the year 2019
*(In words, indicate day, month and year.)*

BETWEEN the Design-Builder:
*(Name, legal status, address and other information)*

J.E. Dunn Construction Company
1601 South MoPac Expressway, Barton Skyway 2, Suite 450
Austin, Texas 78746

and the Architect:
*(Name, legal status, address and other information)*

Pierce, Goodwin, Alexander & Linville, Inc.
2222 Western Trails Blvd., Suite 300
Austin, Texas 78745

The Design-Builder has entered into the Design-Build Contract with the Owner dated:
January 1, 2019

for the following Project:
*(Name, location and detailed description)*

Travis Country Fire and EMS Station
Lot 1, Block A, Oak Hill Industrial Park
Hwy 290
Austin, Texas

The Owner:
*(Name, legal status and address)*

City of Austin, Texas
P.O. Box 1088
Austin, Texas 78767

**ADDITIONS AND DELETIONS:**
The author of this document has added information needed for its completion. The author may also have revised the text of the original AIA standard form. An *Additions and Deletions Report* that notes added information as well as revisions to the standard form text is available from the author and should be reviewed. A vertical line in the left margin of this document indicates where the author has added necessary information and where the author has added to or deleted from the original AIA text.

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

32

CR 143.

PGAL was to provide architectural services, and hire other firms with engineering licenses to perform engineering services:

§ 1.5.4 The Architect shall retain the following consultants under Basic Services described in Article 3. *(List discipline and, if known, identify them by name, legal status, address and other information.)*

　.1　Structural Engineer

　　　P.E. Structural Consultants, Inc.
　　　Anna Boeing, PE
　　　8436 Spicewood Springs Road
　　　Austin, Texas 78759

　.2　Mechanical Engineer

　　　Encotech Engineering Consultants, Inc.
　　　Sharon Bickford, PE
　　　8500 Bluffstone Cove, Suite B103
　　　Austin, Texas 78759

　.3　Electrical Engineer

　　　Encotech Engineering Consultants, Inc.
　　　Sharon Bickford, PE
　　　8500 Bluffstone Cove, Suite B103
　　　Austin, Texas 78759

　.4　Civil Engineer
　　　GarzaEMC, LLC
　　　John Pelham, PE
　　　7708 Rialto Blvd., Suite 125
　　　Austin, Texas 78735

CR 146.

> D.　*The "low bar" on which the Miramons rely does not excuse their failure to identify the licensure of the services provided by the defendants.*

The Miramons argue in the trial court that the only reason for a certificate of merit is for the trial court to determine whether the plaintiff's claim is frivolous. CR 330–331. That is only true with regard to the substance and correctness of the opinions expressed in the certificate. PGAL's motion and this appeal concern a distinctly different issue: whether the report satisfied the strict compliance

33

requirements that the certificate's author have the identical license as the defendant, and that they practice in the same area that the defendant used in providing professional services. Tex. Civ. Prac. & Rem. Code § 150.002(a), (b). If that standard is not met, section 150.002(e) requires that the trial court dismiss the claims.

The Miramons rely on *Bratton v. Pastor, Behling & Wheeler, LLC,* No. 01-23-0015-CV, 2024 WL 1662391, *4-5, 11-12 (Tex. App.—Houston [1st Dist.] April 18, 2024, pet. denied) (mem. op.), in support of this "low bar." But that case does not apply to PGAL's arguments here. In *Bratton,* there was no question that the certificate's author had the same license and practiced in the same area as the defendant. In fact, the defendants agreed the certificate met that standard: "Appellees do not dispute that Dr. Bedient (1) is competent to testify, (2) holds the same professional license or registration as the Appellees, (3) practices in the same area of practice as the Appellees, and (4) offers testimony based on his knowledge, skill, experience, education, training, and practice." *Id.* at *6.

Rather, the dispute was about the "accuracy" of the opinions expressed in the certificate and the "reliability of [the certificate author's] foundational materials." *Id.* at 11. The court held that these questions "do not impact the sufficiency of his certificate under Section 150.002, which a plaintiff must file at the onset of litigation before any discovery has occurred." *Id.*

The issue at bar here is whether Mr. Darvill's certificate, because of his different practice area, suffices to support the Miramons' claims against PGAL, which performed architectural services. Under Section 150.002(a) and (b), it does not. Mr. Darville's opinions, whether correct or not, have no relevance to PGAL's work on the Fire Station Project and cannot support the denial of its motion to dismiss.

The Miramons argue they should not be held to a standard above what they already provided because discovery has not taken place in this suit. CR 336–341. Regardless of the lack of discovery before a lawsuit is filed, a plaintiff has the initial burden to make a reasonable inquiry into their contentions. Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code §10.001. This is especially true prior to suing a licensed professional to determine the work that professional performed in the at-issue project in order to present a certificate of merit by someone who meets the requirements of Chapter 150. Tex. Civ. Prac. & Rem. Code § 15.002. In bringing a lawsuit against licensed professionals, including firms like PGAL who employ professionals licensed in several areas, the Miramons had the initial burden to determine which type of service was performed. *Id.*

In this case, there were several ways that the Miramons could have resolved any doubts about the services provided before filing suit. First, in the 18 months between Miramons' injury and filing suit, they or their attorneys could have simply

35

asked Miramon's employer for a copy of the Agreement, which would have shown which services that PGAL provided in the project. Second, they could have obtained a copy of the agreement by making a Texas Public Information Act Request. Contracts with the government are public because they involve spending public funds. Tex. Gov't Code § 552.0222; 2261.253 (contracting information is public information). Third, the Miramons could have filed a Texas Rule of Civil Procedure 202 suit to determine who to sue and the practice area performed by each. Tex. R. Civ. P. 202.1, 202.2. Finally, even if all these other methods failed them, the Miramons could have taken the extra step of including a certificate of merit from an architect.

Ultimately, the choice was simple. If the Miramons intended to sue for negligence based on the provision of architectural services, then they should have included a certificate of merit relating to those services. If, on the other hand, the Miramons did not intend to sue for negligence based on the provision of architectural services, then they erroneously sued PGAL. Both options require the same outcome here. PGAL only provided architectural services in the Fire Station Project. The Miramons did not timely provide a certificate of merit from a licensed architect. Accordingly, the only option for the trial court was to grant the motion to dismiss. Tex. Civ. Prac. & Rem. Code § 150.002(e).

36

The Miramons instead decided a professional engineer was adequate. The Miramons decided that, since PGAL had an engineering license, an engineer's certificate of merit was good enough. This assumption was incorrect and this is the type of information that *must be correct*, or the certificate of merit is worthless.

In sum, due to the Miramons' failure to identify the professional licensure of the services provided by PGAL and claimed to be negligent, the trial court erred by failing to view PGAL's critical, threshold evidence. If the practice area is challenged, and the trial court both excludes relevant evidence and based on that exclusion denies the challenge, Chapter 150 has no guardrails and no meaning.

And, this exclusion was harmful error in this case, because the practice area was questioned and Texas jurisprudence is replete with cases performing just such a review under those circumstances.

## IV. Under Chapter 150, an engineer's certificate is the equivalent of no certificate against an architect defendant.

The Miramons argue that a certificate of merit by an engineer is sufficient as to PGAL's architectural services, because Mr. Darville is a *"similarly licensed professional."* CR 331. That is in direct contravention of the statute, which requires *the same license*. Tex. Civ. Prac. & Rem. Code § 150.001(a)(2) ("holds the same professional license …").

They also allege that PGAL did not challenge Mr. Darville's certificate of merit. CR 333. That is plainly incorrect. PGAL asserted his engineer's certificate did

not comply with section 150.002, and was equivalent to no certificate having been filed, warranting dismissal. CR 113. PGAL alleged that, because the certificate was based only on engineering standards, it was totally inapplicable to the work PGAL did on the Fire Station Project.

The Miramons also argue that, because Section 1051.0016 of the Texas Occupations Code lists services that can be performed by either an engineer or architect, that Mr. Darville's engineering license is good enough even though the services were actually performed by an architect. That argument has no merit. Section 1051.0016 does not mean that when a professional, who has been hired as an architect and provides architecture services and is sued for those services, an engineer's certificate of merit can be considered.

In fact, the very same argument that the Miramons assert about section 1051.0016 of Occupations Code was found meritless in at least two cases. First, in *Gignac & Assocs., LLP v. Hernandez*, No. 13-17-00336-CV, 2018 WL 898144, at *3 (Tex. App.—Corpus Christi-Edinburg Feb. 15, 2018, no pet.) (mem. op.), the facts and arguments are virtually identical as here, involving an engineer's certificate pertaining to an architects' services. The defendant architect (Gignac) moved to dismiss based on non-compliance with Section 150.002(a), which was denied. On appeal, the appellees (plaintiffs) argued that the court must review the Texas Occupations Code (including section 1051.016) along with section 150.002 under

the rule of "*in pari materia*" because it (allegedly) "allows an engineer to provide a certificate of merit against an architect." *Id.* But the court held that because the statutory language was clear, it need not apply *in pari materia* and resort to another statute, the Occupations Code. *Id.* The language of section 150.002 (a) "'unambiguously provides that a certificate of merit must be authored by someone holding the same professional license' as the defendant." *Id.* "Because [section 150.002(a)'s] language is clear and unambiguous, we need not resort to rules of construction such as the principle of *in pari materia.*" *Id.* It further held, "[i]t is undisputed that appellees'[plaintiffs'] expert does not hold a license as an architect." *Id.* at *4 (citing Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)(2)). "Gignac has therefore shown that appellees did not comply with the statute's plain requirements." *Id*. [internal citations omitted]. As a result, the court reversed and remanded.

Second, in *Kayne Anderson Cap. Advisors, L.P. v. Hill & Frank, Inc.*, 570 S.W.3d 884, 887 (Tex. App.—Houston [1st Dist.] 2018, no pet.), as here, the plaintiff asserted that his engineer's certificate of merit was sufficient to support plaintiff's claim against an architect defendant. The Fourteenth Court of Appeals disagreed. *Id.* The plaintiff in *Kayne Anderson* made the same argument the Miramons make—that under the Occupations Code, some services can be handled by both an architect and an engineer, and therefore an engineer's certificate is sufficient when an architect has been sued. But the court disagreed with that logic:

39

For the same reason, **we reject Kayne Anderson's argument that the certificate of merit statute conflicts with the Occupations Code statutes upon which it relies**. The Occupations Code statutes establish that engineers and architects are both qualified to perform certain types of work and testify as experts about that work. Tex. Occ. Code §§ 1001.0031(d)–(e), 1051.0016(b)–(c). The certificate of merit statute provides that, in addition to being qualified to testify by experience and training, an affiant for a certificate of merit must also hold the same professional license or registration as the defendant. Tex. Civ. Prac. & Rem. Code § 150.002(a)(2)–(3). **There is no conflict between a statute providing the topics about which a licensed professional is qualified to testify as an expert and the certificate of merit statute including an additional requirement to provide expert testimony in that instance.** *See Rodriguez*, 547 S.W.3d at 838 (holding courts must honor plain language of statute unless that interpretation would lead to absurd results).

*Id.* (emphasis added). The court concluded that "[a]n affiant for a certificate of merit must hold the same professional license or registration as the defendant." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 150.002(a)(2). "There is no ambiguity in this requirement." *Id.* (citing *Jennings, Hackler & Partners, Inc. v. N. Tex. Mun. Water Dist.*, 471 S.W.3d 577, 583 (Tex. App.—Dallas 2015, pet. denied) ("That statute unambiguously provides that a certificate of merit must be authored by someone holding the same professional license or registration as the defendant.")).

As a result, it is required that an architect submit a certificate of merit against an architect defendant such as PGAL, and because the Miramons failed to do so, the trial court's denial of PGAL's motion to dismiss should be reversed.

## V.    The Miramons' other arguments also fail.

The Miramons attempt three other arguments to escape the requirements of Section 150.002. First, the Miramons use the Agreement which they assert should not be reviewed to argue that the Agreement somehow requires PGAL to perform engineering work, when the Agreement is very clear that it does not. CR 146. It obligates PGAL to use subconsultants that are engineers who are liable under a different standard—that of licensed engineers. CR 146.

Second, they argue that, because an exhibit to the Agreement "defines the 'Design Consultant' as a 'qualified design professional or an entity employing or consisting of a qualified, license professional,'" that PGAL actually performed engineering services on the Fire Station Project instead of architectural services. CR 344-345. It does not, and PGAL did not.

Exhibit D to the Agreement is entitled "General Conditions of Design Build Agreement." CR 171. It states, in Article I, "Definitions," that these definitions apply "[u]nless otherwise stated in the Contract Documents, words which have well-known technical or construction industry meanings are used in the Contract Documents in accordance with such recognized meanings." CR 171. The Contract Documents, the Agreement here, conclusively prove that an architectural firm was hired as the designer. CR 143, 144. The quote the Miramons cite does not dispute that, or somehow modify the plain language of the Agreement into an agreement

41

hiring PGAL as an engineer or to perform engineering services in the Fire Station Project. In fact, it reaffirms that the Design-Builder can—and did—hire an architect who is a "qualified, licensed design professional."

> **1.15 Design Consultant** is a qualified, licensed design professional or an entity employing or consisting of a qualified, licensed professional, who may be a component part of Design-Builder or may be retained by Design-Builder, or may be employed or retained by anyone under contract with Design-Builder, to furnish design services required under the Contract Documents.

CR 173.

Third, the Miramons try to confuse the issues further by arguing that this is a case where no certificate of merit is required to sue PGAL, like *Marquez v. Calvo,* 2019 WL 2998584, at *2  In *Marquez,* however, the court held that the architect sued in that case was not actually being sued for the work he did as an architect on the project—in part, because although "Calvo's petition identified Marquez as the architect in the Calvo Project [it] did not contract with Marquez to provide architectural services." *Id*. at *2. The situation here is the opposite—PGAL was specifically hired to perform architectural services and performed only those services. As a result, a certificate of merit by an architect was required.

## VI.     This court should reverse and remand for further proceedings.

PGAL asks this Court to reverse the trial court order sustaining the Miramons' objections to PGAL's relevant evidence, and reverse the trial court's order denying PGAL's motion to dismiss. It should remand to the trial court with instructions for

the trial court to enter an order dismissing the Miramons' claims against PGAL, Inc., and for further proceedings, including a determination of whether such dismissal is to be with or without prejudice. *See, Aran & Fraklin,* 2022 WO 17844211, at \*5; *JBS Carriers, Inc.*, 564 S.W.3d at 840; Tex. R. App. P. 44.1(a); *Terracon Consultants, Inc.*, 2023 WL 2316351, at \*7.

## PRAYER

Based on the arguments above, Appellant, PGAL, Inc., asks this Court to (1) reverse the trial court's order sustaining the Miramons' objections to PGAL's relevant evidence, (2) reverse the trial court's order denying PGAL Inc.'s Motion to Dismiss, (3) remand with instructions for the trial court to enter an order dismissing the Miramons' claims against PGAL, Inc. and for further proceedings, including whether to dismiss with prejudice, and (4) award appellate costs to PGAL, Inc., and (5) for other relief to which PGAL, Inc. has shown itself entitled.

Respectfully submitted,


  /s/ *Judith L. Ramsey*
Judith L. Ramsey
State Bar No. 16519550
Derek Bauman
State Bar No. 24044475
Thompson, Coe, Cousins & Irons, L.L.P.
jramsey@thompsoncoe.com
dbauman@thompsoncoe.com
4400 Post Oak Parkway, Suite 1000
Houston, Texas 77027
Telephone: 713.403.8210
Facsimile: 713.403.8299

**Counsel for Appellant,
PGAL, Inc.**

**CERTIFICATE OF COMPLIANCE**

I certify that this document was produced on a computer using Microsoft Word and contains 8,778 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i).

*/s/ Judith L. Ramsey*
Judith L. Ramsey

## CERTIFICATE OF SERVICE

I certify that on November 19, 2025, a true and correct copy of this Appellant's Brief has been served by electronic case filing or e-mail to all counsel of record in this case.

*/s/ Judith L. Ramsey*

Judith L. Ramsey

**APPENDIX TABLE OF CONTENTS**

Appendix 1 ..................................................... Order Granting Objections to Evidence

Appendix 2 ...........................................................Order Denying Motion to Dismiss

Appendix 3 ...................................................................................Notice of Appeal

**Appendix 1**

Order Granting Objections to Evidence

## CAUSE NO. D-1-GN-25-001130

| | | |
|---|---|---|
| IAN MIRAMON AND CAROLINE MIRAMON, *Plaintiffs*, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | TRAVIS COUNTY TEXAS |
| ENCOTECH ENGINEERING CONSULTANTS, INC., J. E. DUNN CONSTRUCTION COMPANY, PGAL, INC., HARDESTY & HANOVER, LLC, HEAT TRANSFER SOLUTIONS, INC. D/B/A HTS TEXAS, P.E. STRUCTURAL CONSULTANTS, INC., BECKETT ELECTRICAL SERVICES, LLC, PAGE SOUTHERLAND PAGE, INC. A/K/A PAGE SOUTHERLAND PAGE AE, INC., PAGE SOUTHERLAND PAGE, L.L.P., PAGE SOUTHERLAND PAGE ENGINEERS, P.C., PAGE SOUTHERLAND PAGE, L.P., G4C ENTERPRISES, LLC, HAYNES-EAGLIN-WATERS, LLC, KEENAN, HOPKINS, SCHMIDT AND STOWELL CONTRACTORS, INC. *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 250TH JUDICIAL DISTRICT |

## ORDER SUSTAINING PLAINTIFF IAN MIRAMON'S AND CAROLINE MIRAMON'S OBJECTION TO DEFENDANT PGAL, INC.'S EVIDENCE FILED IN SUPPORT OF MOTION TO DISMISS FOR LACK OF CERTIFICATE OF MERIT

On August 26, 2025, the Court heard Plaintiffs' Objection to Defendant PGAL, Inc.'s Evidence filed in support of Motion to Dismiss for Lack of Certificate of Merit.

Defendant PGAL, Inc. has filed a Motion to Dismiss For Lack of Certificate

of Merit which attached the following evidence:

Exhibit 1:    Affidavit of Christopher Ruebush, AIA (July 29, 2025)

Exhibit 3:    Design-Builder and Architect Agreement (November 5, 2019)

Plaintiffs Ian Miramon and Carolien Miramon have objected to this Court's

consideration of Exhibit 1 and Exhibit 3 in deciding the Motion to Dismiss filed by

App. 1

Defendant PGAL, Inc.

This Court sustains Plaintiffs' Objections and has not considered Exhibit 1 and Exhibit 3 in deciding Defendant PGAL, Inc.'s Motion to Dismiss for Lack of Certificate of Merit.

Date: _____September 10___, 2025

_____
**DISTRICT JUDGE PRESIDING**
The Honorable Laurie Eiserloh

**APPROVED AS TO FORM:**

**RAMSEY LAW GROUP**

_____
John C. Ramsey
State Bar No. 24027762
K. Grace Hooten
State Bar No. 24092980
Woodway Tower
6363 Woodway Drive, Suite 500
Houston, Texas 77057
Telephone: (713) 489-7577
Facsimile: (888) 858-1452
john@ramseylawpc.com
grace@ramseylawpc.com
eservice@ramseylawpc.com

**RICK FREEMAN, P.C.**
Rick Freeman
State Bar No. 07428800
3660 Stoneridge Road, B-102
Austin, Texas 78746
Telephone: (512) 477-6111
Facsimile: (512) 473-2131
rick@rickfreemanlaw.com

**PAUL WEBB, P.C.**
Vincent L. Marable III
State Bar No. 12961600

2

221 N. Houston Street
Wharton, Texas 77488
Telephone: (979) 532-5331
Facsimile: (979) 532-2902
tripp@paulwebbpc.com


**ATTORNEYS FOR PLAINTIFFS IAN
MIRAMON AND CAROLINE MIRAMON**

**Appendix 2**

Order Denying Motion to Dismiss

## CAUSE NO. D-1-GN-25-001130

| | | |
|---|---|---|
| IAN MIRAMON AND CAROLINE MIRAMON, *Plaintiff*s, | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | |
| ENCOTECH ENGINEERING CONSULTANTS, INC., J. E. DUNN CONSTRUCTION COMPANY, PGAL, INC., HARDESTY & HANOVER, LLC, HEAT TRANSFER SOLUTIONS, INC. D/B/A HTS TEXAS, P.E. STRUCTURAL CONSULTANTS, INC., BECKETT ELECTRICAL SERVICES, LLC, PAGE SOUTHERLAND PAGE, INC. A/K/A PAGE SOUTHERLAND PAGE AE, INC., PAGE SOUTHERLAND PAGE, L.L.P.,  PAGE SOUTHERLAND PAGE ENGINEERS, P.C., PAGE SOUTHERLAND PAGE, L.P., G4C ENTERPRISES, LLC, HAYNES-EAGLIN-WATERS, LLC, KEENAN, HOPKINS, SCHMIDT AND STOWELL CONTRACTORS, INC. *Defendants*. | § § § § § § § § § § § § § § § § § § § § § § § | TRAVIS COUNTY TEXAS 250TH JUDICIAL DISTRICT |

### ORDER DENYING DEFENDANT PGAL, INC.'S
### MOTION TO DISMISS FOR LACK OF CERTIFICATE OF MERIT

On August 26, 2025, Came on for consideration Defendant PGAL, Inc.'s Motion to Dismiss for Lack of Certificate of Merit, and the Court having considered the motion and Plaintiffs' response has determined the motion should be denied.

**IT IS ORDERED, ADJUDGED** and **DECREED** that Defendant PGAL, Inc.'s Motion to Dismiss for Lack of Certificate of Merit is denied.

Date: September 10, 2025

_____
**DISTRICT JUDGE PRESIDING**
The Honorable Laurie Eiserloh

App. 2

**APPROVED AS TO FORM:**

**RAMSEY LAW GROUP**

John C. Ramsey
State Bar No. 24027762
K. Grace Hooten
State Bar No. 24092980
Woodway Tower
6363 Woodway Drive, Suite 500
Houston, Texas 77057
Telephone:   (713) 489-7577
Facsimile:    (888) 858-1452
john@ramseylawpc.com
grace@ramseylawpc.com
eservice@ramseylawpc.com

**RICK FREEMAN, P.C.**
Rick Freeman
State Bar No. 07428800
3660 Stoneridge Road, B-102
Austin, Texas 78746
Telephone: (512) 477-6111
Facsimile: (512) 473-2131
rick@rickfreemanlaw.com

**PAUL WEBB, P.C.**
Vincent L. Marable III
State Bar No. 12961600
221 N. Houston Street
Wharton, Texas 77488
Telephone: (979) 532-5331
Facsimile: (979) 532-2902
tripp@paulwebbpc.com

**ATTORNEYS FOR PLAINTIFFS IAN
MIRAMON AND CAROLINE MIRAMON**

2

**Appendix 3**

Notice of Appeal

9/26/2025 12:07 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-25-001130
Rosa Oneal

**CAUSE NO. D-1-GN-25-001130**

| | | |
|---|---|---|
| IAN MIRAMON AND CAROLINE MIRAMON<br>*Plaintiffs,* | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 250ᵗʰ JUDICIAL DISTRICT |
| ENCOTECH ENGINEERING CONSULTANTS, INC., ENCOTECH ENGINEERING CONSULTANTS, SA, INC., GARZA EMC, LLC, J. E. DUNN CONSTRUCTION COMPANY, JQ+TSEN, LLC, PGAL, INC.<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | TRAVIS COUNTY, TEXAS |

## DEFENDANT, PGAL, INC'S, NOTICE OF INTERLOCUTORY APPEAL

Pursuant to Texas Rules of Appellate Procedure 25.1, 26.1(b), Defendant, PGAL, Inc. ("PGAL") files this Notice of Interlocutory Appeal.

1. PGAL desires to appeal the denial of its Motion to Dismiss for Lack of Certificate of Merit pursuant to Texas Civil Practice & Remedies Code § 150.002(f) and the grant of Plaintiffs' objections to PGAL's evidence in this case.

2. The trial court signed both orders on September 10, 2025.

3. This appeal is taken to the Third Court of Appeals at Austin, Texas.

4. PGAL has not previously filed a related appeal or original proceeding in the Third Court of Appeals.

5. This is an accelerated interlocutory appeal pursuant to Tex. R. App. P. 26.1(b) and Tex. Civ. Prac. & Rem. Code §150.002(f) of a denial of a Motion to Dismiss for Lack of Certificate of Merit; it is not a parental-termination or child-protection case or an appeal from an order certifying a child to stand trial as an adult, as defined in Tex. R. App. P. 28.4.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: */s/ Judith L. Ramsey*
     Judith L. Ramsey
     State Bar No. 16519550
     Derek D. Bauman
     State Bar No. 24044475
     Cory S. Reed
     State Bar No. 24076640
     Alissa Vasquez
     State Bar No. 24144133
     4400 Post Oak Parkway, Suite 1000
     Houston, TX 77027
     Telephone: (713) 403-8213
     Telecopy: (713) 403-8299
     Email:   jramsey@thompsoncoe.com
     Email:   dbauman@thompsoncoe.com
     Email:   creed@thompsoncoe.com
     Email:   avasquez@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT PGAL, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify a true and correct copy of the foregoing was served on this 26th day of September, 2025 via e-service and/or e-mail all counsel of record.

                     */s/ Judith L. Ramsey*
                     Judith L. Ramsey

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crystal Carrier on behalf of Cory Reed
Bar No. 24076640
ccarrier@thompsoncoe.com
Envelope ID: 106129710
Filing Code Description: Notice
Filing Description: DEFENDANT, PGAL, INC'S NOTICE OF INTERLOCUTORY APPEAL
Status as of 9/30/2025 3:45 PM CST

Associated Case Party: HEAT TRANSFER SOLUTIONS, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael CLawrence | | Michael0949.Lawrence@LibertyMutual.com | 9/26/2025 12:07:39 PM | SENT |
| Irving Legal Mail | | IrvingLegalMail@libertymutual.com | 9/26/2025 12:07:39 PM | SENT |

Associated Case Party: IAN MIRAMON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Vincent LMarable III | | tripp@paulwebbpc.com | 9/26/2025 12:07:39 PM | SENT |
| Rick Freeman | | rick@rickfreemanlaw.com | 9/26/2025 12:07:39 PM | SENT |
| John Ramsey | | john@ramseylawpc.com | 9/26/2025 12:07:39 PM | SENT |

Associated Case Party: PGAL, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cory SReed | | creed@thompsoncoe.com | 9/26/2025 12:07:39 PM | SENT |
| Alissa Vasquez | | Avasquez@thompsoncoe.com | 9/26/2025 12:07:39 PM | SENT |
| Lori Ashley-Dafft | | lashleydafft@thompsoncoe.com | 9/26/2025 12:07:39 PM | SENT |

Associated Case Party: J.E. DUNN CONSTRUCTION COMPANY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| J. ParkerFauntleroy | | pfauntleroy@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |
| T. MarshallHolmes | | mholmes@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |
| Jacqulyn Jandrucko | | jjandrucko@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crystal Carrier on behalf of Cory Reed
Bar No. 24076640
ccarrier@thompsoncoe.com
Envelope ID: 106129710
Filing Code Description: Notice
Filing Description: DEFENDANT, PGAL, INC'S NOTICE OF INTERLOCUTORY APPEAL
Status as of 9/30/2025 3:45 PM CST

Associated Case Party: J.E. DUNN CONSTRUCTION COMPANY

| | | | | |
|---|---|---|---|---|
| Jacqulyn Jandrucko | | jjandrucko@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |
| Dana Hodges | | dhodges@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |
| Costa Economides | | ceconomides@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |
| Jude des Bordes | | jdesbordes@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |

Associated Case Party: BECKETT ELECTRICAL SERVICES, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shelly D.Masters | | smasters@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |
| Kelly Stueve | | kstueve@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |
| Christopher Ross | | cross@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |

Associated Case Party: ENCOTECH ENGINEERING CONSULTANTS, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michelle Koledi | 24072189 | mconner@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Brandon Waddell | | bwaddell@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Michelle Conner | | mconner@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Paula Reynolds | | preynolds@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Wendy Harpel | | wharpel@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Madeley Rodriguez | | mrodriguez@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |

Associated Case Party: KEENAN, HOPKINS, SCHMIDT & STOWELL CONTRACTORS, INC

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crystal Carrier on behalf of Cory Reed
Bar No. 24076640
ccarrier@thompsoncoe.com
Envelope ID: 106129710
Filing Code Description: Notice
Filing Description: DEFENDANT, PGAL, INC'S NOTICE OF INTERLOCUTORY APPEAL
Status as of 9/30/2025 3:45 PM CST

Associated Case Party: KEENAN, HOPKINS, SCHMIDT & STOWELL CONTRACTORS, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John Fauntleroy | 790668 | pfauntleroy@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cristi Gaines | | cgaines@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |
| Celestina Izaguirre | | cizaguirre@cokinoslaw.com | 9/26/2025 12:07:39 PM | SENT |
| Lupe Estrada | | lupe@ramseylawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Grace Hooten | | grace@ramseylawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Alpha Team | | alphateam@ramseylawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Miramon Z4514154 | | MiramonZ4514154@ramseylawpc.filevineapp.com | 9/26/2025 12:07:39 PM | SENT |
| Brandon Waddell | | bwaddell@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Paula Reynolds | | preynolds@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Madeley Rodriguez | | mrodriguez@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Wendy Harpel | | wharpel@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Michelle Conner | | mconner@wslawpc.com | 9/26/2025 12:07:39 PM | SENT |
| Judith Ramsey | | Jramsey@thompsoncoe.com | 9/26/2025 12:07:39 PM | SENT |
| Derek Bauman | | Dbauman@thompsoncoe.com | 9/26/2025 12:07:39 PM | SENT |

Associated Case Party: P.E. STRUCTURAL CONSULTANTS, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Crystal Carrier on behalf of Cory Reed
Bar No. 24076640
ccarrier@thompsoncoe.com
Envelope ID: 106129710
Filing Code Description: Notice
Filing Description: DEFENDANT, PGAL, INC'S NOTICE OF INTERLOCUTORY APPEAL
Status as of 9/30/2025 3:45 PM CST

Associated Case Party: P.E. STRUCTURAL CONSULTANTS, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Paige Wenner | | pwenner@grsm.com | 9/26/2025 12:07:39 PM | SENT |
| Christopher Ege | | cege@grsm.com | 9/26/2025 12:07:39 PM | SENT |
| Robin Phillips | | rlphillips@grsm.com | 9/26/2025 12:07:39 PM | SENT |
| Adrienne Stonecypher | | astonecypher@grsm.com | 9/26/2025 12:07:39 PM | SENT |

Associated Case Party: CAROLINE MIRAMON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rick Freeman | | rick@rickfreemanlaw.com | 9/26/2025 12:07:39 PM | SENT |
| John Ramsey | | john@ramseylawpc.com | 9/26/2025 12:07:39 PM | SENT |

**Automated Certificate of eService**
This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Laura McCarty on behalf of Judith Ramsey
Bar No. 16519550
lmccarty@thompsoncoe.com
Envelope ID: 108211772
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief Not Requesting Oral Argument
Status as of 11/19/2025 8:46 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michelle Koledi | 24072189 | mconner@wslawpc.com | 11/19/2025 8:41:05 AM | SENT |
| Vincent Marable | 12961600 | tripp@paulwebbpc.com | 11/19/2025 8:41:05 AM | SENT |
| Nicholas Scott | 24093965 | nscott@wslawpc.com | 11/19/2025 8:41:05 AM | SENT |
| Rick Freeman | 7428800 | rick@rickfreemanlaw.com | 11/19/2025 8:41:05 AM | SENT |
| John Ramsey | 24027762 | john@ramseylawpc.com | 11/19/2025 8:41:05 AM | SENT |
| Michael Waddell | 24042106 | bwaddell@wslawpc.com | 11/19/2025 8:41:05 AM | SENT |
| John Nugent | 24116840 | eservice@ramseylawpc.com | 11/19/2025 8:41:05 AM | SENT |
| Jeniffer Mendez | | jmendez@thompsoncoe.com | 11/19/2025 8:41:05 AM | SENT |
| Judith Ramsey | | Jramsey@thompsoncoe.com | 11/19/2025 8:41:05 AM | SENT |
| Derek Bauman | | Dbauman@thompsoncoe.com | 11/19/2025 8:41:05 AM | SENT |
| Grace Hooten | | grace@ramseylawpc.com | 11/19/2025 8:41:05 AM | SENT |